(80 South. 410)

REED v. BANISTER.    (7 Div. 974.)

(Supreme Court of Alabama.  Nov. 28, 1918.)

1. EVIDENCE ⬅355(5)—MEMORANDA—ADMISSIBILITY IN CONNECTION WITH OTHER EVIDENCE.

In an action on account for lumber sold, memorandum of items *held* admissible in connection with plaintiff's testimony that it was furnished him by defendant at the time he bought the lumber, and that plaintiff gave it to third parties as an order to be filled by them.

2. APPEAL AND ERROR ⬅1054(3)—IMPROPER ADMISSION OF TESTIMONY—REVERSIBLE ERROR.

Where irrelevant and inadmissible evidence exerted no controlling influence upon the court in rendering the judgment, its admission would not warrant reversal.

3. APPEAL AND ERROR ⬅690(2)—ERRONEOUS ADMISSION OF MEMORANDA.

Record showing only that memoranda were handed to witness who identified them is insufficient to show error in admission of memoranda.

4. APPEAL AND ERROR ⬅1011(1) — CONCLUSIONS OF FACT BASED ON CONFLICTING EVIDENCE—REVIEW.

The court on appeal will not set aside the trial court's conclusions of fact upon conflicting testimony.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by J. C. Banister against R. D. Reed. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Hugh Reed, of. Center, for appellant.
R. F. Conner, of Center, for appellee.

SOMERVILLE, J.  The action is on account for goods sold and delivered by plaintiff to defendant. The trial was by the court sitting without a jury, and judgment was rendered for plaintiff for $48.72.

The testimony offered in support of plaintiff's claim is somewhat lacking in clearness and precision, but it tends to show that the lumber firm of Parker & Dobbs delivered something more than $60 worth of lumber to defendant at the instance of plaintiff, who gave them credit therefor.

[1] The memorandum of lumber items to the amount of $40.96 was admissible in evidence in connection with plaintiff's testimony that it was furnished him by defendant at the time he bought the lumber, and that plaintiff gave it to Parker & Dobbs as an order to be filled by them.

[2] The other memorandum of items, to the amount of $27.27, made by Parker as a sale to plaintiff, was prima facie irrelevant and inadmissible, and was not made admissible by any of the testimony. We are convinced, however, that it exerted no controlling influence upon the court in rendering the judgment, and its admission would not therefore warrant a reversal of the judgment.

[3] Moreover, the record does not show that the memoranda referred to were admitted in evidence, but only that they were handed to the witness Parker, who identified them. This is not sufficient to show error in admitting.

[4] Defendant's testimony sharply contradicts that offered for plaintiff, but we do not feel justified in setting aside the trial court's conclusions of fact upon conflicting testimony in such a case as this.

Let the judgment be affirmed.
Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.