200 So.2d 469

**W. L. GRIFFIN**

v.

**Amon RESPRESS.**

**3 Div. 239.**

Supreme Court of Alabama.

June 1, 1967.

Tucker & Hildreth, Atmore, for appellant.

Brooks, Garrett & Thompson, Brewton, for appellee.

SIMPSON, Justice.

Mr. Respress sued Mr. Griffin claiming $2,625.00 for breach of an agreement between the parties, growing out of the following:

In early 1962 the two parties to this litigation decided to enter into a partnership agreement to buy, sell, breed, and raise beef cattle. At the time, Mr. Griffin contributed some $3,600.00 and Mr. Respress put into the business 70 head of cattle. They are in agreement that this initial contribution was considered of equivalent value. The agreement was to share profits and losses equally.

The business continued until the latter part of 1962. At that time they agreed to split up, and at that time the partnership owed the following debts secured by notes:

Note for $6,500 owed to the Bank of Atmore

Note for $10,000 owed to the Bank of Atmore

Note for $5,000 owed to First National Bank of Atmore.

Further, at that time the partnership owned in the neighborhood of 400 cows.

Mr. Griffin agreed to assume the $6,500.-00 note; Mr. Respress agreed to assume the $10,000.00 and the $5,000.00 notes. There is a dispute in the evidence as to the agreed distribution of the cattle. Mr. Griffin claims he got only 78 and that Mr. Respress got the rest of them.

The theory of Mr. Respress' case was that at the time the partnership was terminated that it had incurred substantial losses and that there were no profits; that the two of them got together and determined the amount of loss which Mr. Griffin should pay; that they arrived at a figure of $2,-625.00 and that Mr. Griffin made a notation of this figure. He failed to pay his part of the loss as agreed and this suit was filed. Mr. Griffin on the other hand contended that the partnership had made a profit, not a loss, and that Mr. Respress owed him some $8,500.00. He filed a plea of set-off and recoupment in this amount.

The case was tried to a jury. The jury believed Mr. Respress' version and returned a verdict in his favor in the amount of $2,625.00. Mr. Griffin filed a motion for new trial which was denied. He brings this appeal here.

He has made some 25 assignments of error. The first 10 of these are based on the contention that the verdict is not supported by the evidence. There is no merit in these assignments. There was evidence in the case that the partnership had sustained losses and that Mr. Griffin had failed to participate in these losses to the extent sued for. The jury believed this evidence. We cannot reverse the case on this jury verdict

.170

even though we might have reached a different conclusion on the same evidence. Barber Pure Milk Co. v. Holmes, 264 Ala. 45, 84 So.2d 345; Mayben v. Travelers Indemnity Co., 273 Ala. 643, 144 So.2d 52, and Mercury Freight Lines, Inc. v. Pharo, 264 Ala. 322, 87 So.2d 642, and many other cases collated at ☞1002, Appeal and Error, Alabama Digest.

■The assignments numbered 11 through 13 are based upon the court's failure to grant a new trial. There is no error in the court's failure to grant the new trial. The unwavering rule in this state is that where there is evidence, which if believed, justifies the verdict, a motion for a new trial is properly overruled. Such evidence exists here. The jury simply believed that evidence which supported the plaintiff's contentions. It is the jury's province to decide the facts. The court properly denied the motion for new trial. Kurn v. Counts, 247 Ala. 129, 22 So.2d 725.

■ It is next contended that the court erred in admitting in evidence a "scrap of paper" with figures on it which Mr. Griffin made during the conversation about dissolving the partnership. The plaintiff testified that this memorandum was made by Mr. Griffin during the course of their conversation. This was not denied by Griffin. It was offered in support of plaintiff's contention that Mr. Griffin's unpaid losses came to the amount shown thereon. It was corroborative of plaintiff's version of the transaction. For this purpose it was admissible. Reed v. Banister, 202 Ala. 328, 80 So. 410; Hosey v. Southport Petroleum Co. of Delaware, Inc., 244 Ala. 45, 12 So.2d 93; McElroy, "The Law of Evidence in Alabama" (1948 Ed.), § 117.

■ The final assignments of error complain that the court erred in its oral charge to the jury in cited particulars. However, no objection was made to the charge at the time and in fact the record indicates that appellant announced "Satisfied" at the conclusion of the oral charge; hence, we

have nothing to review here. Self v. Baker, 266 Ala. 572, 98 So.2d 10; Ala.Dig., Appeal and Error, ☞215(1), 263(1).

We have fully considered the motion for new trial and the matter submitted in support thereof. We find no reversible error in this record.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.