The primary issue presented in this case is whether the plaintiff, Woodrow Mize, is entitled to punitive damages for conversion and trespass.
Woodrow Mize contracted with Gunite Contracting Company, Inc., for a swimming pool. After the pool was installed, but before completion, the shell floated out of the ground. Gunite attempted several methods of correcting this problem, including the digging of a ditch to drain the water.
There was evidence from both parties which showed that Gunite's employees used Mize's bulldozer without his permission. Some of Mize's trees were knocked down by Gunite's employees. Mize testified that he would not have given Gunite permission to use his equipment. Mize further testified that Gunite's employees broke into his locked garage to obtain certain tools.
In addition to his charges concerning breach of contract, conversion, and trespass, the trial Judge further instructed the jury concerning the law of damages, including the assessment of punitive damages. The jury returned a verdict of $17,600 in favor of Mize. *Page 695 
On appeal, both parties appear to concede that a reasonable award for breach of contract would be $12,000. In any event, there was credible testimony presented to the jury which showed that, because of Gunite's breach, Mize was entitled to $12,000. Gunite contends that the remaining $5,600 was an unwarranted award of punitive damages. We disagree.
As this Court stated in Ray Hughes Chevrolet, Inc. v. Gordon,294 Ala. 638, 320 So.2d 652 (1975), the law in Alabama is that, if evidence is presented to the jury which shows that a party has converted property in known violation of the owner's rights and in violation of the law, punitive damages may be assessed. See also Parker v. Sutton, 47 Ala. App. 352, 254 So.2d 425
(1971).
These elements are present in the case at bar. There is ample evidence in the record which justified the jury's believing that Mize's tools and equipment had been converted by Gunite's employees willfully and in known violation of his rights. Furthermore, the jury was justified in believing that Gunite had willfully violated the law. This evidence, along with the evidence as to actual loss, was sufficient to justify the jury's assessment of $17,600 for compensatory and punitive damages. Thus, the decision of the trial Court is affirmed.
AFFIRMED.
BLOODWORTH, ALMON, and EMBRY, JJ., and SIMMONS, Retired Circuit Judge, sitting by designation of the Chief Justice, concur.