413 So.2d 1161 (1982)
Leonard CRABTREE and Jean Crabtree
v.
FORD MOTOR CREDIT COMPANY, et al.
Civ. 3061.
Court of Civil Appeals of Alabama.
April 14, 1982.
*1162 John Baker, Fort Payne, for appellants.
S. Dagnal Rowe of Cleary, Lee, Evans, Rowe & Bailey, Huntsville, for appellees.
WRIGHT, Presiding Judge.
This is a tort case involving conversion of personal property. The sole issue on appeal is whether the trial court erred in granting appellee's judgment notwithstanding the verdict so that the jury's award of punitive damages was removed, and only compensatory damages remained.
The cause arose under the following pertinent facts:
Kirby Ford Sales in Fort Payne, Alabama, sold a new 1979 Mercury Cougar automobile to Leonard and Jean Crabtree on January 18, 1979. The sale was financed by Ford Motor Credit Company (FMC). After numerous defaults by way of late payments and "bounced" checks, FMC repossessed the automobile on September 4, 1980, while Mrs. Crabtree was at work.[1] The FMC employee used a duplicate key provided to him specifically for purposes of repossession and did not tell Mrs. Crabtree he was taking the car. Items of personal property in the car were also taken. On the same day, Mrs. Crabtree demanded that the automobile be returned. A written demand for the car and the personal property was made within approximately ten days. The personal property was apparently inventoried by the FMC employee and a Kirby Ford Sales employee and thereafter was removed from the Fort Payne area to Huntsville, some seventy-five miles away. FMC did not return the automobile or personal property, but at all times told the Crabtrees that they could come to Huntsville and get their personal belongings.
The Crabtrees sued FMC for wrongful taking of the automobile and the personal property contained therein. They claimed that FMC, in addition to the unlawful taking, wantonly and maliciously refused to return the property, and thus requested punitive damages. FMC moved for summary judgment, which motion was denied on April 22, 1981. Such motion was resubmitted on July 16, 1981, with the Crabtrees' acquiescence. On August 20, 1981, the date of trial, FMC's summary judgment motion was granted as to the actual repossession of the automobile. Following a trial by jury concerning the detention of the personal property and punitive damages, a verdict was rendered for the Crabtrees in the amount of $5,000. FMC moved for judgment notwithstanding the verdict, or for new trial. On October 15, 1981, the trial court granted the judgment notwithstanding the verdict, and ordered a remittitur of the judgment over the amount of $209, the value of the personal property when viewing the evidence in a light most favorable to the plaintiffs. The trial court found that the evidence was insufficient to support an award of punitive damages in that the detention of the Crabtrees' personal property was not committed in known violation of their rights or with insult or malice. From the order of remittitur, the Crabtrees appeal.
The repossession of the automobile, and thus, the taking of the personal property was carried out pursuant to the following provisions in the installment sales contract between FMC and the Crabtrees:
In the event Buyer defaults in any payment... Seller shall have the right to repossess the Property wherever the same may be found with free right of entry.... Any personalty in or attached to the Property when repossessed may be held by Seller without liability and Buyer shall be deemed to have waived any claim thereto unless written demand by certified mail is made upon Seller within 24 hours after repossession. (Emphasis ours.)
*1163 The trial court determined that the twenty-four-hour provision in the contract was unconscionable, and instructed the jury to that effect, i.e., the Crabtrees' demand was sufficient to prevent waiver of claim under the contract provisions. The trial court also found through its grant of FMC's motion for summary judgment that the repossession of the automobile was legal and proper under the "self-help" provision and claim of right under the terms of the contract. See, Reno v. General Motors Acceptance Corp., 378 So.2d 1103 (Ala.1979).
The act of conversion here could only have been determined to be FMC's failure to deliver the property to the Crabtrees in Fort Payne following their demand. It is not in dispute, however, that FMC offered the property to the Crabtrees in Huntsville. The dissent, infra, states that the Crabtrees "were not required to subject themselves to the expense and inconvenience of traveling to FMC's office to retrieve their property once the demand had been made." Apparently, the jury found exactly that. We are not prepared to hold that to fail or refuse to physically deliver property, not unlawfully taken, to the possession of the owner after demand is a conversion when the owner's right to possession is not disputed. However, the correctness of the jury's finding of conversion is not before us on appeal. The propriety of the judgment notwithstanding the verdict or the remittitur is our sole concern here.
As stated in Carolina Casualty Insurance Co. v. Tisdale, 46 Ala.App. 50, 237 So.2d 855, cert. denied, 286 Ala. 741, 237 So.2d 861 (1970), "It is clear punitive damages may be awarded in an action for conversion...." (Cites omitted.) Mere evidence of conversion itself is not enough to invoke the right to punitive damages. The standard set out in Carolina Casualty is that "Such punitive damages are justified when the evidence discloses the conversion to have been committed in known violation of law and of owners rights, with circumstances of insult, or contumely, or malice." 46 Ala.App. at 57, 237 So.2d 855. See also, Richard M. Kelley Chevrolet Co. v. Seibold, 363 So.2d 989 (Ala.Civ.App.1978) and Ray Hughes Chevrolet, Inc. v. Gordon, 294 Ala. 638, 320 So.2d 652 (1975). We are of the opinion that since FMC held the personal property under claim of right under the terms of its contract (See, Reno, supra.), the trial court properly held that reliance by FMC on the contract negated a finding that FMC's action was "in known violation of law or of owners rights." The mere refusal of FMC, while disclaiming right to detention, to return the property lawfully taken to plaintiff in Fort Payne did not amount to insult, contumely or malice. We agree with the learned trial judge that punitive damages were not warranted and the grant of the judgment notwithstanding the verdict properly remitted the damages to $209.
AFFIRMED.
BRADLEY, J., concurs.
HOLMES, J., dissents.
HOLMES, Judge (dissenting).
I respectfully dissent.
The majority holds that FMC's act of repossessing and retaining the automobile and the personal property therein was not done in known violation of the law or of the owner's rights since FMC was relying on the terms of the contract. The act of conversion, however, did not occur when FMC took the property. Rather, the actionable conversion arose when FMC wrongfully detained the property after the Crabtrees demanded that the property be returned.
The question, then, is whether there was evidence from which the jury could have determined that FMC's act of conversion was done willfully and knowingly so as to justify an award of punitive damages. The majority agrees with the trial court and holds, as a matter of law, that since FMC held the personal property pursuant to the terms of FMC contract with the Crabtrees, its refusal to return the property could not be knowing or willful.
I disagree. The jury must determine whether FMC's actions were a knowing and intentional violation of the Crabtrees' legal *1164 rights, or were accomplished in disregard of them. U-Haul Co. of Alabama v. Long, 382 So.2d 545 (Ala.1980). If there is evidence from which the jury could have reasonably concluded that FMC knowingly violated the law and the Crabtrees' rights, then the jury has the discretion to award punitive damages. Ray Hughes Chevrolet, Inc. v. Gordon, supra. The intentional, willful and knowing violation of the law and of a plaintiff's rights in and of itself constitutes legal insult, contumely and malice, and authorizes the jury in its discretion to award punitive damages. Richard M. Kelley Chevrolet Co. v. Seibold, supra.
I find there is evidence in the record from which the jury could have reasonably concluded that FMC's actions were knowing and willful. The evidence clearly indicates that the Crabtrees demanded the return of their property, both orally and in writing. However, once the demand was made, FMC failed to return the property. FMC admitted that most of the property was stored in its Huntsville office, some seventy-five miles from the Crabtrees' home. The Crabtrees though, were not required to subject themselves to the expense and inconvenience of traveling to FMC's office to retrieve their property once the demand had been made. Russell-Vaughn Ford, Inc. v. Rouse, 281 Ala. 567, 206 So.2d 371 (1968).
I find this evidence was sufficient to present to the jury the question of whether FMC knowingly converted the property or, alternatively, converted the property in the mistaken belief that it had a right to the property under the contract. I believe the trial court erred in finding, as a matter of law, that FMC's reliance on the contract precluded the act of conversion from being committed willfully or knowingly. I would hold that the trial court erred in granting FMC's motion for a JNOV.
NOTES
[1] The automobile was repossessed by "self-help." See, § 7-9-503, Code (1975). An earlier effort was abandoned when Mrs. Crabtree threatened to "fight" for possession.