This is a tort case involving conversion of personal property. The sole issue on appeal is whether the trial court erred in granting appellee's judgment notwithstanding the verdict so that the jury's award of punitive damages was removed, and only compensatory damages remained.
The cause arose under the following pertinent facts:
Kirby Ford Sales in Fort Payne, Alabama, sold a new 1979 Mercury Cougar automobile to Leonard and Jean Crabtree on January 18, 1979. The sale was financed by Ford Motor Credit Company (FMC). After numerous defaults by way of late payments and "bounced" checks, FMC repossessed the automobile on September 4, 1980, while Mrs. Crabtree was at work.[1] The FMC employee used a duplicate key provided to him specifically for purposes of repossession and did not tell Mrs. Crabtree he was taking the car. Items of personal property in the car were also taken. On the same day, Mrs. Crabtree demanded that the automobile be returned. A written demand for the car and the personal property was made within approximately ten days. The personal property was apparently inventoried by the FMC employee and a Kirby Ford Sales employee and thereafter was removed from the Fort Payne area to Huntsville, some seventy-five miles away. FMC did not return the automobile or personal property, but at all times told the Crabtrees that they could come to Huntsville and get their personal belongings.
The Crabtrees sued FMC for wrongful taking of the automobile and the personal property contained therein. They claimed that FMC, in addition to the unlawful taking, wantonly and maliciously refused to return the property, and thus requested punitive damages. FMC moved for summary judgment, which motion was denied on April 22, 1981. Such motion was resubmitted on July 16, 1981, with the Crabtrees' acquiescence. On August 20, 1981, the date of trial, FMC's summary judgment motion was granted as to the actual repossession of the automobile. Following a trial by jury concerning the detention of the personal property and punitive damages, a verdict was rendered for the Crabtrees in the amount of $5,000. FMC moved for judgment notwithstanding the verdict, or for new trial. On October 15, 1981, the trial court granted the judgment notwithstanding the verdict, and ordered a remittitur of the judgment over the amount of $209, the value of the personal property when viewing the evidence in a light most favorable to the plaintiffs. The trial court found that the evidence was insufficient to support an award of punitive damages in that the detention of the Crabtrees' personal property was not committed in known violation of their rights or with insult or malice. From the order of remittitur, the Crabtrees appeal.
The repossession of the automobile, and thus, the taking of the personal property was carried out pursuant to the following provisions in the installment sales contract between FMC and the Crabtrees:
 In the event Buyer defaults in any payment . . . Seller shall have the right to repossess the Property wherever the same may be found with free right of entry. . . . Any personalty in or attached to the Property when repossessed may be held by Seller without liability and Buyer shall be deemed to have waived any claim thereto unless written demand by certified mail is made upon Seller within 24 hours after repossession. (Emphasis ours.) *Page 1163 
The trial court determined that the twenty-four-hour provision in the contract was unconscionable, and instructed the jury to that effect, i.e., the Crabtrees' demand was sufficient to prevent waiver of claim under the contract provisions. The trial court also found through its grant of FMC's motion for summary judgment that the repossession of the automobile was legal and proper under the "self-help" provision and claim of right under the terms of the contract. See, Renov. General Motors Acceptance Corp., 378 So.2d 1103 (Ala. 1979).
The act of conversion here could only have been determined to be FMC's failure to deliver the property to the Crabtrees in Fort Payne following their demand. It is not in dispute, however, that FMC offered the property to the Crabtrees in Huntsville. The dissent, infra, states that the Crabtrees "were not required to subject themselves to the expense and inconvenience of traveling to FMC's office to retrieve their property once the demand had been made." Apparently, the jury found exactly that. We are not prepared to hold that to fail or refuse to physically deliver property, not unlawfully taken, to the possession of the owner after demand is a conversion when the owner's right to possession is not disputed. However, the correctness of the jury's finding of conversion is not before us on appeal. The propriety of the judgment notwithstanding the verdict or the remittitur is our sole concern here.
As stated in Carolina Casualty Insurance Co. v. Tisdale,46 Ala. App. 50, 237 So.2d 855, cert. denied, 286 Ala. 741,237 So.2d 861 (1970), "It is clear punitive damages may be awarded in an action for conversion. . . ." (Cites omitted.) Mere evidence of conversion itself is not enough to invoke the right to punitive damages. The standard set out in Carolina Casualty
is that "Such punitive damages are justified when the evidence discloses the conversion to have been committed in known violation of law and of owners rights, with circumstances of insult, or contumely, or malice." 46 Ala. App. at 57,237 So.2d 855. See also, Richard M. Kelley Chevrolet Co. v. Seibold,363 So.2d 989 (Ala.Civ.App. 1978) and Ray Hughes Chevrolet, Inc. v.Gordon, 294 Ala. 638, 320 So.2d 652 (1975). We are of the opinion that since FMC held the personal property under claim of right under the terms of its contract (See, Reno, supra.), the trial court properly held that reliance by FMC on the contract negated a finding that FMC's action was "in known violation of law or of owners rights." The mere refusal of FMC, while disclaiming right to detention, to return the property lawfully taken to plaintiff in Fort Payne did not amount to insult, contumely or malice. We agree with the learned trial judge that punitive damages were not warranted and the grant of the judgment notwithstanding the verdict properly remitted the damages to $209.
AFFIRMED.
BRADLEY, J., concurs.
HOLMES, J., dissents.
[1] The automobile was repossessed by "self-help." See, § 7-9-503, Code (1975). An earlier effort was abandoned when Mrs. Crabtree threatened to "fight" for possession.