EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a civil action for the conversion of an automobile because of its alleged wrongful repossession.
The vehicle was purchased by Mrs. Wel-born (the buyer), with the buyer executing a security agreement thereon. That instrument provided that the buyer would insure the car against certain losses and that, if she failed to procure or continue that insurance, the entire amount owing would become due and payable at the option of the secured party. It further authorized the secured party to exercise its rights of enforcement under the Uniform Commercial Code in the event of a default and it granted permission to the secured party to enter upon the buyer’s premises in order to take possession of the automobile. That contract contained an acceleration clause and also provided that, “Secured party may, at its sole option, waive or remedy any default without waiving the default remedied and without waiving any other prior or subsequent default.”
The combined note and security agreement was transferred, without recourse, by the seller to the First National Bank of Florence (the bank). Without any breach of the peace, or without provocation thereof, the bank repossessed the vehicle by self-help on August 27, 1979, pursuant to § 7-9-503, Code 1975, which provides in applicable part, as follows:
“Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed in action.”
At the time of such repossession, the buyer agreed that she was at least delinquent as to the installment due in August 1979 and, additionally, she, admittedly, had allowed the insurance required by the security agreement to lapse on May 16, 1979, for nonpayment of its premium. Accordingly, the bank’s repossession of the vehicle was legal and proper under the terms of the contract and under the U.C.C. Reno v. General Motors Acceptance Corp., 378 So.2d 1103 (Ala.1979); Hale v. Ford Motor Credit Co., 374 So.2d 849, 853 (Ala.1979); Crabtree v. Ford Motor Credit Co., 413 So.2d 1161 (Ala.Civ.App.1982). Here, the buyer was not innocent and cannot claim the benefit of the doctrine of equitable estoppel because of her dereliction of duty and inadvertence in failing to continue the required insurance as well as in failing to timely pay, or procure the timely payment of, the August installment. Auto-Plaza, Inc. v. Central Bank of Alabama, 394 So.2d 6 (Ala.1980); Hale v. Ford Motor Credit Co., supra.
We have carefully reviewed the pleadings, affidavits, security agreement, depositions, admissions and answers to interrogatories, which show that there is no genuine issue as to any material fact and that the seller and the bank are each entitled to a judgment as a matter of law as to the alleged conversion of the automobile. The trial court did not err in granting a summary judgment in favor of each defendant. We must affirm.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.