Nathan and Nell Raley appeal from a Covington County trial court order dismissing their original and amended complaints, insofar as the pleadings seek punitive damages, against Citibanc of Alabama/Andalusia, in an action for conversion. We reverse.
On 24 January 1984, the Raleys filed an original complaint, sounding in conversion, in the Covington County Circuit Court. The pertinent provision of that complaint is:
 "(1) On or about the 10th day of December, 1982, defendant Citibanc of Alabama/Andalusia converted to its own use a security instrument, the property of the plaintiffs and at a value of $100.
 "WHEREFORE, plaintiffs demand judgment against the defendant in the sum of One Hundred and No/100 Dollars ($100.00), interest and costs, as compensatory damages, and Ninety Thousand and No/100 Dollars ($90,000.00) as punitive damages.
On motion of the defendant, Citibanc, the trial court dismissed the complaint "insofar as the claim for punitive damages for failure of the complaint to state a claim upon which relief may be granted."
The Raleys amended their complaint on 15 March 1984 to read as follows:
 "(1) Plaintiff moves to add an additional paragraph two (2) as follows:
 "(2) Plaintiff Nathan Raley requested the return of his loan papers, marked paid, from an officer of the defendant. The officer, acting as the agent, servant or employee of the defendant told plaintiff Nathan Raley that he would not give him anything and contemptously told plaintiff to get out of the bank and never come back."
The trial court also dismissed this complaint for failure to state a claim upon which relief may be granted.
The single issue presented for our review is whether the trial court erred in dismissing the complaints set out above. The appropriate standard of review is whether, when the allegations of the complaint are viewed most strongly in his favor, the pleader could prove any set of circumstances which would entitle him to relief. Mull v. String, 448 So.2d 952
(Ala. 1984); ARCP 12 (b)(6).
To constitute a conversion, there must be a wrongful taking, or a wrongful detention, or an illegal assumption of ownership, or an illegal user or misuser. Webb v. Dickson, 276 Ala. 553,165 So.2d 103 (1964). See also Raley v. Royal Insurance CompanyLimited, 386 So.2d 742 (Ala. 1980) (Torbert, C.J., concurring specially). The allegations of the complaint and the amended complaint, when read together, aver a wrongful detention by the bank of property belonging to another. The complaints additionally aver that Raley demanded the return of the security instrument, but the bank refused. Clearly, if the allegations were proved, the Raleys would be entitled to relief. Raley v. Royal Insurance Company Limited, 386 So.2d 742
(Ala. 1980). In fact, the Raleys' pleadings follow the proper form approved by this court, and set out in ARCP Appendix I (Form 22). *Page 642 
The Raleys have failed to plead the requisite facts to entitle them to punitive damages. Punitive damages are recoverable in conversion where it is shown that a party has converted the property of another, in known violation of the owner's rights, and in violation of the law. Gunite ContractingCo. v. Mize, 341 So.2d 694 (Ala. 1977); Roy Hughes Chevrolet,Inc. v. Gordon, 294 Ala. 638, 320 So.2d 652 (1975). Nevertheless, once the pleader has set out a cause of action, his failure to plead the requisite elements of punitive relief is not subject to a Rule 12 (b)6 motion for failure to state a cause of action, but rather, should be challenged by a motion to strike, or objection to the evidence, or requested charges.Ringer v. First National Bank of Stevenson, 291 Ala. 364,281 So.2d 261 (1973).
Accordingly, the judgment of the trial court is due to be, and it is hereby, reversed and this cause remanded for further proceedings consistent with this opinion.
REVERSED.
TORBERT, C.J., and FAULKNER and ALMON, JJ., concur.
ADAMS, J., concurs in the result.