477 So.2d 957 (1985)
Herman M. ROBERSON, Individually and d/b/a Highlandview Motors and Hilda R. Tranum
v.
George W. AMMONS and Sarah E. Ammons.
83-1418.
Supreme Court of Alabama.
September 27, 1985.
Rehearing Denied January 17, 1986.
*959 Stephen M. Langham, Prattville, for appellants.
J. Greg Allen of Beasley and Wilson, Montgomery, for appellees.
ADAMS, Justice.
The defendants-appellants, Herman Roberson and Hilda Tranum, suffered an adverse jury verdict and judgment in the Montgomery County Circuit Court in a suit based on the alleged conversion of an automobile owned by the plaintiffs-appellees, George and Sarah Ammons. The facts surrounding the lawsuit are complicated and were sharply disputed during the trial.
On April 11, 1981, the plaintiffs purchased a 1976 Chevrolet Monte Carlo automobile from George Jenkins for $1,495.99 and executed a retail installment contract and security agreement pledging the automobile as collateral for the balance of the purchase price owed to Jenkins. After an initial down payment and trade-in, the plaintiffs owed a balance of $845.00, payable in nine monthly installments.
In December 1981, plaintiff Sarah Ammons, upon Jenkin's advice, approached either Hilda Tranum or Herman Roberson and requested a loan. Either Tranum, Roberson, or both of them, owned and operated Highlandview Motors, a used automobile sales lot in Montgomery, Alabama. Sarah Ammons received checks written on Roberson's personal bank account totaling $730.00 and executed a note prepared by Tranum for $937.50. Although the note stated that no interest was charged for the loan, the $207.50 difference between the note amount and the amount received by Ammons represented interest. Payments on the note were to be made in nine monthly installments. The plaintiffs agreed to use the automobile purchased from Jenkins as collateral for the loan, but no security agreement was executed at the time of the *960 transaction. Jenkins, or his brother, retained title to the vehicle.
The plaintiffs paid the balance of their debt to Jenkins down to $148.50. In January 1982, the plaintiffs pledged the automobile as security for a previous loan with a local finance company, Finance One. Finance One paid off the balance of plaintiffs' debt to Jenkins, and Jenkins transferred title to the automobile to the finance company or to the plaintiffs, who in turn gave the title to the finance company.
After title to the plaintiffs' automobile was in the hands of Finance One, the plaintiffs defaulted on the loan from the defendants. In January 1983, at Tranum's direction, a person hired by her seized the plaintiffs' automobile and impounded the vehicle at the Highlandview Motors sales lot. Upon discovery of the vehicle's location, Sarah Ammons approached the defendants and was informed that the vehicle would not be released until the plaintiffs either paid $600.00 or turned over to the defendants a 1973 vehicle belonging to plaintiffs.
The plaintiffs filed suit, and, after amendments, their complaint alleged that the defendants intentionally converted the plaintiffs' vehicle and knowingly violated the Alabama Small Loan Act, Code 1975, § 5-18-1 et seq., as well as the Alabama Mini-Code, Code 1975, § 5-19-1 et seq., in deliberate disregard of a 1976 federal court order enjoining defendants from violating the provisions of these laws. In their amended answer, the defendants admitted violating the aforesaid Code provisions, but denied the conversion count.
At trial, the defendants moved for a directed verdict on several grounds, all of which were denied by the trial court and which partially frame the issues presented in this appeal. However, the trial court granted the plaintiffs' motion for directed verdict as to the conversion count of plaintiffs' complaint, finding that the defendants admitted violations of the Alabama Small Loan Act and the Alabama Mini-Code voided the loan transaction with the plaintiffs, giving the defendants no legal authority to seize the plaintiffs' automobile. The trial court instructed the jury on compensatory and punitive damages as a result of the defendants' conversion, and the jury returned a verdict for $1,380.00 in compensatory damages and $100,000.00 in punitive damages against the defendants. The defendants filed a timely motion for JNOV, new trial, or remittitur, which was denied.
The defendants raise the following issues on appeal:
1. Did the trial court err by submitting the issue of punitive damages to the jury under the evidence?
2. Did the jury award excessive punitive damages under the evidence?
3. Did the jury award excessive compensatory damages under the evidence?
4. Was there sufficient evidence of plaintiffs' legal title in the converted automobile?
5. Did the trial court err in allowing evidence of a federal court injunction?
6. Did the trial court err by permitting expert testimony about the defendants' violations of the Alabama Small Loan Act and Mini-Code?
We find no error in the trial court's denial of the defendants' motion for directed verdict as to the sufficiency of evidence concerning punitive damages, nor do we find that the jury's award of $100,000.00 is excessive.
This Court on review cannot reverse a case on the grounds of insufficiency of evidence to support a verdict, unless after allowing all reasonable presumptions and inferences as to its correctness, it is clear such verdict is erroneous and unjust. So. Ry. Co. v. Reeder, 281 Ala. 458, 204 So.2d 808 [1967]; Griffin v. Respress, 281 Ala. 168, 200 So.2d 469 [1967].
....
It is clear punitive damages may be awarded in an action for conversion, even though not alleged in the complaint, where the evidence justifies such award. Stallworth v. Doss, 280 Ala. 409, 194 *961 So.2d 566 [1967]; Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358 [1955]; Russell-Vaughn Ford, Inc. v. Rouse, [281 Ala. 567, 206 So.2d 371 (1968) ] supra. Such punitive damages are justified when the evidence discloses the conversion to have been committed in known violation of law and of owner's rights, with circumstances of insult, or contumely, or malice. In the presence of such evidence, punitive damages are for the discretion of the jury. Roan v. McCaleb, supra. Roan v. Smith, 272 Ala. 538, 133 So.2d 224 [1961].
Carolina Casualty Ins. Co. v. Tisdale, 46 Ala.App. 50, 237 So.2d 855, 859-60, cert. denied, 286 Ala. 741, 237 So.2d 861 (1970). The conversion committed in known violation of the law and of plaintiffs' rights is itself legal insult, contumely, or malice sufficient to justify an award of punitive damages. Ray Hughes Chevrolet, Inc. v. Gordon, 294 Ala. 638, 320 So.2d 652 (1975). The jury may also consider aggravating circumstances, such as abusive conduct by the defendant in determining the amount of the award. Id.
In the instant case, the trial court directed a verdict in favor of the plaintiffs on the conversion claim and submitted the issue of damages to the jury. There was evidence presented by which the jury could justifiably conclude that the conversion was conducted in known violation of the law, as well as in violation of the plaintiffs' rights. The defendants admitted violating state law in their loan transaction. These violations negated all rights or interest of the defendants in the plaintiffs' vehicle and made their repossession unlawful. Although Tranum testified that she was unaware that she did not have a valid security interest in the plaintiffs' vehicle, other evidence, including a prior federal court injunction enjoining defendants from violations of Alabama and federal finance laws, as well as many years of prior loan activity by the defendants, provides an ample basis for the jury's finding that the defendants knew that their actions were unlawful. When evidence is in conflict, the jury is free to believe or not believe the witnesses. Carolina Casualty Ins. Co., supra.
There was also evidence by which the jury could have found that the conversion involved insult or malice. Sarah Ammons testified that the defendants initially refused to allow her to retrieve her personal belongings from the vehicle, but that after some delay she was given the items, at which time she was told by Roberson that he would keep the vehicle "till hell froze over." The trial court correctly denied defendants' motion for directed verdict on the issue of punitive damages.
The trial court did not err by denying defendants' motion for remittitur, because the jury's punitive award of $100,000.00 was not excessive under these facts. The award of punitive damages is within the sound discretion of the jury, considering all attendant circumstances. Randell v. Banzhoff, 375 So.2d 445 (Ala.1979). The jury's award is to punish the wrongdoer based upon the enormity of the wrong to the plaintiff, as well as the necessity to prevent similar wrongs from being committed in the future. Todd v. United Steelworkers of America, 441 So.2d 889 (Ala. 1983). As we noted in U-Haul Co. v. Long, 382 So.2d 545, 548 (Ala.1980):
Punitive damages need bear no particular relationship to actual damages; whether they are excessive depends upon whether or not the judicial conscience is shocked. Foster v. Floyd, 276 Ala. 428, 163 So.2d 213 (1964). Unless they are so excessive as to indicate prejudice or passion their award will not be reversed, Pinckard v. Dunnavant, 281 Ala. 533, 206 So.2d 340 (1968).
Considering the entire record, we cannot say that the award of punitive damages in the case at hand is so excessive as to warrant reversal.
Defendants argue that there was insufficient evidence to support the jury award of $1,380.00 in compensatory damages. Generally, the measure of damages for the conversion of mortgaged property by the mortgagee is the difference between *962 the fair market value of the property converted and the balance due on the mortgage debt at the time of conversion, plus interest. Ott v. Fox, 362 So.2d 836 (Ala. 1978). However, where, as here, there is no balance owing on the mortgage due to the nullifying of the loan transaction, the measure of damages is the fair market value of the property at the date of the conversion, or anytime after the date of conversion and prior to trial, plus interest. Coffee General Hospital v. Henderson, 338 So.2d 1022 (Ala.Civ.App.1976).
Defendants correctly point out that there was no direct evidence of the value of the converted vehicle at the time of or subsequent to the conversion. However, evidence at trial reflected that the plaintiffs purchased the vehicle for $1,495.00 in April 1981, and Ron Coleman of Finance One testified that he appraised the vehicle at $1,200.00 in January 1982, twelve months prior to the conversion. Although we agree that the value of the automobile twelve months prior to the date of conversion is not the proper measure of damages, we find that the evidence presented at trial was enough to allow the jury to determine the value of the vehicle at the time it was converted. Even though Coleman valued the vehicle at $1,200.00 in 1982, it was the jury's prerogative to reject Coleman's estimate and formulate a value in relation to the original purchase price of $1,495.00. It is also clear that the jury's figure included interest from the date of conversion. In any event, we cannot find that the verdict of $1,380.00 returned by the jury is so contrary to the evidence as to warrant reversal of this cause. See Armstrong v. Farrell, 267 Ala. 606, 104 So.2d 309 (1958).
Legal title with immediate right of possession by the plaintiffs to the converted property at the time of conversion is a necessary element of the conversion action. Johnson v. U-Haul of Southern Alabama, Inc., 357 So.2d 665 (Ala.Civ.App. 1978). We find that there was substantial evidence at trial to satisfy this element of the plaintiffs' case. The plaintiffs introduced an Alabama license registration certificate in their name, as well as a bill of sale from Jenkins. Furthermore, Coleman testified that he was in possession of the original title to the vehicle, and Sarah Amnions testified that she transferred the title to Coleman after obtaining it from Jenkins. Under this evidence, the title-possession element was satisfied, and we find no error by the trial court in directing a verdict for the plaintiffs on the conversion count, nor in denying the defendants' motion for a new trial premised upon this ground.
The defendants' final two points challenge the propriety of the trial court's admission of evidence. First, defendants contend that it was error to admit evidence of a prior federal court order enjoining the defendants from making sales or loans without compliance with the Alabama Small Loan Act, Mini-Code, and Federal Truth-in-Lending provisions. The injunction arose from the sales and loan activities of the defendants with customers of their used car sales lot. Defendants objected to the proffered court order as being irrelevant. Generally, evidence of past dealings of a party with nonparties is excluded as irrelevant; however, when intent of the party is at issue, that party's prior conduct and acts on other occasions which have a bearing upon that party's intent in a subsequent action are competent evidence. Dorcal, Inc. v. Xerox Corp., 398 So.2d 665 (Ala.1981). The injunction in the instant case clearly was relevant and probative as to whether the defendants converted the plaintiffs' vehicle in "known violation of the law" and also relevant to the jury's determination of the gravity of the defendants' wrongful conversion in awarding punitive damages.
Second, defendants objected on relevancy grounds to the testimony of a loan examiner with the State Banking Department. The witness testified that the defendants' loan transaction violated various provisions of Alabama law. Specifically, the witness stated that in his opinion the interest charged by the defendants on the plaintiffs' loan was approximately 65%. Defendants argue that since they had admitted *963 to violations of state law, the evidence was not probative of any issue remaining to be litigated. We disagree. The evidence was relevant to the issue of the defendants' knowledge of the violation of state law, as well as to the gravity of the wrong inherent in the conversion of plaintiffs' vehicle.
We stated recently in Ryan v. Acuff, 435 So.2d 1244, 1247 (Ala.1983):
Trial judges have wide discretion to exclude or admit evidence even of minor probative value on issues litigated in the cases. The test is that the evidence must only shed light on the main inquiry, and not withdraw attention from the main inquiry. Cherry v. Hill, 283 Ala. 74, 214 So.2d 427 (1968); see also, C. Gamble, McElroy's Alabama Evidence § 21.01(6) (3rd ed. 1977).
We find no abuse of discretion by the trial court in the admission of the injunction order or the testimony of the loan examiner.
The judgment is affirmed.
AFFIRMED.
MADDOX, FAULKNER, ALMON and SHORES, JJ., concur.
TORBERT, C.J., concurs specially.
TORBERT, Chief Justice (concurring specially).
I agree that the judgment of the trial court should be affirmed. However, I believe that two points made in the majority opinion should be clarified. First, in discussing the trial court's decision to grant a directed verdict for the plaintiffs on their conversion count, Justice Adams writes:
"The defendants admitted violating state law in their loan transaction. These violations negated all rights or interest of the defendants in the plaintiffs' vehicle and made their repossession unlawful."
In this case, the defendants admitted that they had acted in "deliberate violation of or reckless disregard for" Code 1975, § 5-19-1 (the Alabama Mini-Code). Under § 5-19-19 of the Mini-Code, it is only this kind of violation that will make the transaction involved void. It is for this reason that the defendants' interest in the vehicle had been negated, thereby making the repossession unlawful.
A second point to make is that the plaintiffs failed to introduce the proper evidence for the jury to determine the compensatory damages to be awarded on their conversion count. The proper measure of damages is the value of the property at the time the conversion took place or at any time thereafter and prior to trial, plus interest. Coffee General Hospital v. Henderson, 338 So.2d 1022, 1023 (Ala.Civ.App.1976). The evidence presented by the plaintiffs established the value of the vehicle twelve months prior to the conversion. This evidence was clearly not within the relevant time frame for determining the value of the property.
However, I am unable to find in the record where the defendants properly preserved this issue for appeal. To present an error to this Court, one must properly invoke an adverse ruling of the trial court. Conley v. Beaver, 437 So.2d 1267, 1270 (Ala.1983). The defendants did not object to this evidence at the time it was introduced, nor did they sufficiently bring this issue to the attention of the trial court in their motion for directed verdict. Therefore, there were insufficient facts or grounds in the record for this Court to review the alleged error. Conley, supra.