KENNEDY, Justice.
This is an appeal from the dismissal of a complaint for failure to state a claim upon which relief could be granted.
The defendant, R.A. Flowers, petitioned for Chapter 7 bankruptcy under 11 U.S.C. § 701 et seq. in November 1986. On December 18, 1987, the Bankruptcy Court for the Southern District of Alabama discharged all debts of R.A. Flowers.
On September 21, 1987, Bobbie Jean Flowers (R.A. Flowers’s wife) and Earl Emmett Flowers (R.A. Flowers’s son) filed an agricultural labor lien against R.A. Flowers pursuant to § 35-11-91, Ala. Code 1975. Bobbie Jean Flowers and Earl Emmett Flowers then sued R.A. Flowers for the amount of the lien.
The trial court dismissed the complaint on the ground that the bankruptcy court had discharged all the debts of R.A. Flowers. Only Bobbie Jean Flowers appeals. We note that R.A. Flowers did not file a brief.
The only issue presented for review is whether the trial court erred in dismissing the complaint. “The appropriate standard of review is whether, when the allegations of the complaint are viewed most strongly in his favor, the pleader could prove any set of circumstances which would entitled him to relief.” Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640 (Ala.1985) (citations omitted).
Bobbie Jean Flowers contends that the labor lien was not discharged as part of her husband’s debts because, she argues, it was not listed on his schedules of debts filed with the bankruptcy court. She refers to “exhibit B” to support her contention that this debt was not scheduled and therefore has not been discharged. However, “exhibit B” is not included in the record or attached to the brief.
Even if the record supported her claim, Bobbie Jean Flowers has failed to state a claim upon which relief could be granted under § 35-11-91. Thus, the trial court did not abuse its discretion in dismissing the complaint because of the discharge in bankruptcy.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ„ concur.