CRAWLEY, Judge.
Theron P. Nelson appeals from a judgment entered on a jury verdict in favor of him and against John L. Pike and Red Bear, Inc., d/b/a Red Bear Meats (Pike and Red Bear, Inc., are hereinafter collectively referred to as “Red Bear Meats”). Nelson asserts that the trial court erred by failing to instruct the jury on punitive damages and by denying his motion for a new trial. We reverse and remand.
Nelson had entered into an agreement to transport approximately 800 cases of poultry products from Albertville to Miami, Florida. While his driver was in Montgomery, the tractor and the trailer containing the poultry products were stolen. Red Bear Meats purchased, at a highly discounted rate of $5 per case, approximately 360 cases of the poultry products from Curtis Smith, a frequent customer of Red Bear Meats, who allegedly represented that the poultry products were salvaged meat from an accident. Red Bear Meats sold 245 of the 360 cases to another store in Hayneville for $12 per case. After locating the tractor and the trailer, a detective from the Montgomery Police Department discovered the poultry products at Red Bear Meats.
Nelson subsequently sued Red Bear Meats seeking damages for conversion. After a jury trial, a verdict was returned in favor of Nelson for $3,250. Nelson filed a motion for additur or for a new trial; that motion was denied by the trial court. Nelson filed a notice of appeal to this court. The appeal was stayed pending Red Bear Meat’s bankruptcy proceedings, and this court later reinvested the trial court with jurisdiction in order for it to enter a judgment on the jury’s verdict. The trial court did not comply with this court’s order by entering a judgment on the jury’s verdict and returning the cause to this court within 14 days of this court’s reinvesting it with jurisdiction; therefore, this court dismissed Nelson’s appeal. The trial court then filed a response, with a judgment entered on the verdict, stating that it had not received the order from this court reinvesting it with jurisdiction. Nelson then filed a motion to reinstate his appeal, which this court granted.
On appeal, Nelson contends that the trial court erred by failing to instruct the jury on punitive damages; he contends that he is entitled to recover punitive damages because his claims are based on an intentional tort. Nelson also alleges that the trial court erred by failing to grant his motion for a new trial, contending that the verdict was inadequate.
I. Jury Instruction as to Punitive Damages
“It is a basic tenet of Alabama law that ‘a party is entitled to have his theory of the case, made by the pleadings and issues, presented to the jury by proper instruction, ... and the [trial] court’s failure to give those instructions is reversible error.’ Alabama Farm Bureau Mut. Ins. Service, Inc. v. Jericho Plantation, Inc., 481 So.2d 343, 344 (Ala.1985). (Citations omitted.) ‘It is the duty of the trial judge to educate the jury on the law of the case.’ Grayco Resources, Inc. v. Poole, 500 So.2d 1030, 1033 (Ala.1986). As the Court in Grayco observed:
“ ‘It is the inescapable duty of the trial judge to instruct the jurors fully *359 and correctly on the applicable law of the case, and to guide, direct and assist them toward an intelligent understanding of, the legal and factual issues involved in their search for the truth.’
“Id. (Citations omitted.)
“Our standard for reviewing the trial court’s instructions is plain. ‘In reviewing instructions to determine if they correctly set forth the applicable law, [this Court] must read and consider the charge as a whole.’ Grayco, 500 So.2d at 1033. (Citations omitted.) The law is clear that the refusal of a requested charge is not error where the trial court’s oral charge ‘substantially and fairly’ covers the same principles as the requested charge. Rule 51, Ala. R. Civ. P.; Hamilton Auto Parts, Inc. v. Rea, 580 So.2d 1328 (Ala.1991). Rule 51 provides in pertinent part:
“ ‘The refusal of a requested, written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s oral charge or in charges given at the request of the parties.’ ”
Volkswagen of America, Inc. v. Marinelli, 628 So.2d 378, 384-85 (Ala.1993).
Nelson’s complaint sought an award of punitive damages. A review of the record also discloses that the following requested jury instruction on punitive damages was filed by Nelson:

“PLAINTIFF’S REQUESTED ■ CHARGEb

“Ladies and gentlemen of the jury, as the trier of fact, if you are reasonably satisfied from the evidence that the conversion by [Red Bear Meats] was willful or the result of a trespass under the circumstances of insult or malice, you may, in-your discretion, also award punitive damages.”
The trial judge did not mark on the instruction whether it would be given or was refused.
The trial judge instructed the jury, in pertinent part, as follows:
“Ladies and gentlemen, as; you know, this case comes to us by way of a complaint. In this complaint the piaintiff alleges the cause of action called conversion. Mr. Nelson’s claim is one for conversion. This is what the law says about conversion.
“Conversion is the appropriation or taking of the personal property of one person by another to his own use and benefit, or the destruction of one’s personal property by another, or the exercise of dominion and control by another over personal property to the exclusion or in defiance of the owner’s rights,
“... Nelson contends that the defendant took, destroyed, or exercised control over his shipment of frozen food products.
“The measure of damage[s] for conversion of personal property is the value of the shipment of the frozen products as of the date of the conversion with the interest at the rate of six .percent per annum from the date of the conversion.
“The burden of proof upon this case is upon the plaintiff to reasonably satisfy you from the evidence of the material allegations of his complaint. Measure of damages for damage . to personal property is the difference between the reasonable market value of the property immediately before its damage and the reasonable market value immediately after it is damaged.
“In other words, if you find for the plaintiff in this case, you should determine from the evidence the reasonable *360 market value of the frozen chicken products before they were converted or damaged and then determine from the evidence the reasonable market value of the frozen chicken products immediately after they were recovered in their damaged condition. The difference or amount of the loss in value as found by you would be the measure of damages.
“The law states that a conversion is what is known as an intentional tort. Because it is an intentional tort, the defendants are not allowed to claim that ... Nelson assumed the risk. Such argument by the defense is not based upon the law. Accordingly, you cannot find that ... Nelson assumed any risk in this case. On the contrary, the law is that persons dealing with personal property or exercising control over the personal property of another do so at their own peril. The personal property in this case was the frozen chicken. When [Red Bear Meats] accepted the frozen chicken products and exercised control over them, [it] did so at [its] own peril. A mistake of law or fact is no defense.
“[Red Bear Meats’] receipt of the frozen chicken products from anyone who had no right to part with or dispose of such property and thereafter exercising dominion over it constituted conversion. Even if you believe that [Red Bear Meats] lacked knowledge of the owner’s rights or that [it] acted in good faith, that would not prevent such action from constituting conversion.”
After instructing the jury, the following objection was made by Nelson’s counsel:
“Your Honor, we object to your not giving the instruction on punitive damages. I believe the evidence showed the jury could find that there was some sort of malice, willfulness, oppression, [or] fraud in this matter in the way the frozen products were obtained, and that would support a punitive damages award.”
The trial court provided no further instructions to the jury as a result of Nelson’s objection. Nelson also raised this issue in his motion for a new trial, which the trial court denied.
In Chrysler Credit Corporation v. Turner, 553 So.2d 64, 67 (Ala.1989), our supreme court observed:
“ ‘ “It is clear [that] punitive damages may be awarded in an action for conversion, even though not alleged in the complaint, where the evidence justifies such [an] award.... Such punitive damages are justified when the evidence discloses the conversion to have been committed in known violation of law and of [the] owner’s rights, with circumstances of insult, or contumely, or malice. In the presence of such evidence, punitive damages are for the discretion of the jury.” ’
“Roberson v. Ammons, 477 So.2d 957, 960-61 (Ala.1985) (citations omit-tedXquoting Carolina Casualty Ins. Co. v. Tisdale, 46 Ala.App. 50, 57, 237 So.2d 855, 859-60, cert. denied, 286 Ala. 741, 237 So.2d 861 (1970)). ‘The conversion committed in known violation of the law and of plaintiffs’ rights is itself legal insult, contumely, or malice sufficient to justify an award of punitive damages.’ Roberson, supra, at 961; see also Ray Hughes Chevrolet, Inc. v. Gordon, 294 Ala. 638, 320 So.2d 652 (1975). ‘The award of punitive damages is within the sound discretion of the jury, considering all attendant circumstances.... The jury’s award is to punish the wrongdoer based upon the enormity of the wrong to the plaintiff, as well as the necessity to prevent similar wrongs from being committed in the future.’ Roberson, at 961.”
Upon reviewing the trial court’s instructions in light of the law as it applies *361 to the availability of punitive damages in conversion actions, -we conclude that the instructions provided were incomplete and that the jury should have been allowed the opportunity to determine whether punitive damages were appropriate in light of the evidence presented. Accordingly, we conclude that Nelson is entitled to a new trial as a result of the trial court’s incomplete instructions. See Industrial Techs., Inc. v. Jacobs Bank, 872 So.2d 819, 826 (Ala. 2003)(“the remedy for a trial court’s having given an improper jury instruction is a new trial ”).
II. Inadequacy of Damages
Alternatively, we also conclude that Nelson is entitled to a new trial because the amount of the jury’s verdict was inadequate as a matter of law. The evidence presented at trial was that the complete load of poultry products — 800 cases — -was valued at $37,066.66. It was undisputed that Red Bear Meats took possession of approximately 360 cases. There was further testimony that Nelson had paid his insurance company a $2,500 deductible in order to cover his loss and that he had paid $750 to a refrigerated-transport company to pick up the cases from Red Bear Meats and from the store in Hayneville that had purchased the poultry products from Red Bear Meats. The total of those two amounts — the $2,500 deductible payment and the $750 transport costs — was the exact amount awarded by the jury— $3,250. Whether the jury determined Nelson’s damages based solely on Nelson’s out-of-pocket expenses cannot be eon-firmed by the record on appeal;[1] however, the jury’s award is clearly inconsistent with the trial court’s instructions as.to how the jury was to assess Nelson’s damages for conversion. Accordingly, we conclude that the amount of the jury’s verdict was assessed in a manner contrary to that in which the jury was instructed by the trial court and that a new trial is also due to be granted on this ground.
The trial court’s judgment on the jury’s verdict is reversed and the cause is remanded in order for it to conduct a new trial.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON and MURDOCK, JJ., concur.
PITTMAN, J., concurs in the result..

. Although Nelson did not .raise this issue on appeal, we note that had the jury reduced its award to Nelson based on the fact that his loss was covered by insurance, such an award would violate the collateral source rule. See Mitchell v. Moore, 406 So.2d 347, 351 (Ala. 1981)(" 'The collateral source doctrine ... provides that damages recoverable for a wrong are not diminished because the injured party has been wholly or partially indemnified or compensated for his loss by insurance effected by him and to which the wrongdoer did not contribute.' " (quoting Powell v. Brady, 30 Colo.App. 406, 414, 496 P.2d 328, 332-33 (1972))).