COBB, Chief Justice
(dissenting).
I dissent from the majority’s decision to deny this petition for a writ of certiorari. Joseph Ramsey makes two arguments in his petition: (1) that the judgment against him should be reversed because a principal-agent relationship existed between David Tubbs and Janice Tubbs, on the one hand, and Joseph Ramsey, on the other, and the verdicts rendered involving Janice Tubbs[1] and Ramsey were inconsistent, and (2) that Anthony Wilson did not have standing to bring the underlying action because, Ramsey argues, Anthony Wilson did not possess title to the subject vehicle. The majority apparently has concluded, I believe correctly, that Ramsey did not preserve the issue of inconsistent verdicts for appellate review because he did not raise the issue in his motion for a new trial. However, as to the standing issue, the majority apparently has concluded that the one claim of conflict regarding the ownership issue is insufficient to invoke this Court’s review. I disagree.
The facts presented in Ramsey’s petition indicate that at the time the purported conversion occurred legal title to the vehicle was in the name of Jason Wilson, Anthony’s brother. After the proper legal notices appeared in the local newspaper, the abandoned vehicle was sold to David Tubbs on March 10, 2003. On March 17, 2003, Jason Wilson submitted an application for replacement title with the Alabama Department of Revenue. It was not until April 1, 2003, that Anthony Wilson submitted an application for certifícate of title to the Department of Revenue. There is no indication that Anthony Wilson ever held legal title to the vehicle; the Alabama Department of Revenue issued title to the vehicle to David Tubbs on April 4, 2003. “Legal title with immediate right of possession by the plaintiffs to the converted property at the time of conversion is a necessary element of the conversion action.” Roberson v. Ammons, 477 So.2d 957, 962 (Ala.1985). Because it is not clear at this stage of the proceeding whether Anthony Wilson had legal title with immediate right of possession of the vehicle at the time of the purported conversion, I would grant the writ of certiorari to review this issue. Therefore, I respectfully dissent from the majority’s decision to deny the writ.

. David Tubbs and Joe Ramsey were initially the only named defendants. Subsequently the complaint was amended to substitute Janice Tubbs as a defendant in place of David Tubbs, who died after the complaint was filed. Title to the vehicle had been issued in David Tubbs’s name pursuant to a power of attorney held by Janice Tubbs.