# Hunt, Adm'r, *v.* Houtz *et al.*

## *Certiorari.*

1. *Judgment; who may appeal from.*—It is only a party or privy prejudiced by a judgment or decree, who can prosecute an appeal or *certiorari* for its reversal, and this rule applies as well to judgments rendered by justices of the peace as to judgments of superior tribunals.

2. *Same.*—An attachment levied on property as that of the defendants in the suit, but which in fact belongs to a stranger, and a judgment rendered between the parties to the suit, will not bind such stranger, or authorize him to intermeddle with the defense of the suit, or appeal from the judgment rendered in it; the law affords the owner of the property an appropriate remedy to enforce his claim to the property, and this he must pursue, and whether he does this or not, he can not intermeddle with the original suit, or appeal from the judgment rendered in it.

APPEAL from Jackson Circuit Court.

Tried before Hon. LOUIS WYETH.

This was an attachment sued out before a justice to enforce a debt due by the appellee, Houtz, to the intestate of appellant, C. W. Hunt. Judgment was rendered subjecting the cotton levied on as the property of Houtz. White, the other appellee, obtained a *certiorari* and removed the cause to the Circuit Court. The petition for *certiorari* averred that White was claimant before the justice. Motion was made to dismiss the *certiorari* on the ground that White was without right to appeal from the justice's judgment. The court overruled the motion, and this action is now assigned as error.

ROBINSON & BROWN, for appellant.

HUMES & GORDON, *contra.*

BRICKELL, C. J.—It is only a party or privy, prejudiced by a judgment or a decree, who can prosecute an appeal, or a *certiorari*, for its reversal; and the principle applies as well to judgments rendered by justices of the peace as to judgments rendered by a superior tribunal. Nor can an appeal be prosecuted from any other than a final judgment, rendered by a justice of the peace. And if an appeal is prosecuted from any other than such judgment, it is the duty of the court, *ex mero motu*, to repudiate it.

It is too plain for argument, that whatever may be the

[Shiver v. Johnston.]

right or title of White, to the cotton, on which the attach-
ment of the appellant against Houtz was levied, that he is
neither a party or privy to that suit, and is without right to
intermeddle in its prosecution or defense ; or to appeal from
the judgment which may have been rendered therein.
There is no other judgment to support the *certiorari* than
that against Houtz, and to that judgment White was a
stranger.

If there was a contest before the justice, as to the validity
of White's claim to the cotton, it was irregular and unau-
thorized. No judgment was or could have been rendered,
which would bar White from asserting his claim in an appro-
priate mode. That mode he may have been pursuing; but
whether he was pursuing it or not is immaterial. The law
can not tolerate the possible anomaly to which it would give
rise—if the *certiorari* was entertained—the prosecution of
two suits for the same cause—the one in a court of original,
and the other in a court of appellate jurisdiction. The
motion to dismiss the *certiorari* ought to have prevailed.
It is not necessary to consider any other question, as this
must be decisive of the case.

Reversed and remanded.