PER CURIAM.
Defendant, Wal-Mart Stores, Inc., appeals from a denial of its motion for judgment notwithstanding the verdict or, alternatively, a new trial, in an action for false imprisonment brought by Sharon Jones in which the jury returned a verdict in favor of the plaintiff for $200,000. The court entered judgment in that amount.
Jones filed her complaint against Wal-Mart on February 28, 1986, alleging false arrest, malicious prosecution, defamation, outrageous conduct, and wanton misconduct arising out of an incident that occurred at the Wal-Mart store in Scottsboro, Alabama, on December 20, 1985. The incident referred to occurred when a Wal-Mart employee questioned and detained Jones for allegedly shoplifting a coat from the store. At the conclusion of Jones’s case, the trial court granted Wal-Mart’s motion *552 for directed verdict on all of Jones’s claims except the false imprisonment count, which was submitted to a jury.
On appeal, Wal-Mart argues that the trial court erred in denying its motion for new trial because:
1. Plaintiffs claims for punitive damages should not have been submitted to the jury; and
2. the verdict returned by the jury was excessive and should not be allowed to stand.
Wal-Mart contends that the issue of punitive damages should not have been submitted to the jury because Jones did not produce evidence sufficient to support an award for punitive damages. This Court has stated:
“Exemplary damages are never allowed where the false imprisonment was brought about innocently, in good faith, without malice in fact or in law, by public officers in the belief that they are performing their public duties, or private persons acting in honest mistake with a reasonably founded belief in the lawfulness of the act, whether the public interest be involved, as in the apprehension of supposed wrongdoers, or mere private interests. The fact that the wrong was done with good motive will not protect the wrongdoer from liability for punitive damages if he knowingly acts illegally.”
Caudle v. Sears, Roebuck & Co., 236 Ala. 37, 40, 182 So. 461, 463 (1938). (Emphasis omitted.) Where, as here, it is clear that the plaintiffs’ claim of false imprisonment is supported by the evidence, punitive damages may be awarded. This is clearly within the sound discretion of the jury.
“The award of punitive damages is within the sound discretion of the jury, considering all attendant circumstances. Randell v. Banzhoff, 375 So.2d 445 (Ala. 1979). The jury’s award is to punish the wrongdoer based upon the enormity of the wrong to the plaintiff, as well as the necessity to prevent similar wrongs from being committed in the future. Todd v. United Steelworkers of America, 441 So.2d 889 (Ala.1983).”
Roberson v. Ammons, 477 So.2d 957, 961 (Ala.1985). This Court, in Advertiser Co. v. Jones, 169 Ala. 196, 53 So. 759 (1910), addressed the issue of excessive damages, saying:
“There was evidence from which the jury might infer malice, and upon which they might award punitive damages. This being true, neither the law nor the evidence furnishes us any standard by which we can ascertain certainly that they were excessive. The trial court heard all of this evidence, saw the witnesses, observed their expression and demeanor, and hence was in a better position to judge of the extent of punishment which the evidence warranted than we are, who must form our conclusions upon the mere narrative of the transcript. This court, in treating of excessive verdicts in cases in which punitive damages could be awarded, through Justice Haral-son spoke and quoted as follows: ‘There is no legal measure of damages in cases of this character.’ ”
See also Johnson Publishing Co. v. Davis, 271 Ala. 474 at 488, 124 So.2d 441 at 451 (Ala.1960).
Due to the foregoing, the jury verdict and the judgment thereon were not plainly erroneous or manifestly unjust. The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.