The defendants, Joseph Land Company, Inc. ("Land 
Company"), and Charles Browning, appeal from a judgment entered on a $100,000 jury verdict in favor of the plaintiffs, Paul and Martha Gresham, d/b/a G G Agency, in this action based on allegations of breach of contract and fraud. We affirm in part, reverse in part, and remand.
Land Company, whose primary business is hauling freight, entered into a "commission agent agreement" with Daisy Enterprises, Inc. ("Daisy"). Pursuant to this agreement, Daisy was to receive a commission for soliciting business for Land 
Company and negotiating leases between Land Company and independent tractor-trailer owners. Browning was an employee of, and the majority stockholder in, Daisy. The Greshams, along with their son, David, were independent tractor-trailer owners doing business as G G Agency. The Greshams leased their tractor-trailer to Land Company through Daisy. During the lease negotiations, the Greshams asked Browning about collision insurance coverage for their tractor-trailer. Browning explained to them that they were required under the lease to obtain collision coverage, but that Land Company had a group policy under which their tractor-trailer could be insured, at their option, by having premiums deducted from their freight settlements. David Gresham testified that he and Martha Gresham submitted an application to Land Company, through Browning, seeking coverage under Land Company's group collision insurance policy. Martha Gresham testified that subsequent *Page 925 
to the Greshams' discussions with Browning, and after they had signed a lease with Land Company, she telephoned Browning to inquire as to whether the tractor-trailer had been insured under Land Company's group policy. She testified that Browning stated: "Don't worry, it's being taken care of, they're going to send it [a copy of the policy] to you; it just takes procedure." The Greshams' tractor-trailer was later damaged in an accident and the Greshams' driver immediately contacted Browning, who told him that the truck was covered. The record indicates that Browning subsequently contacted Land Company and attempted to obtain retroactive coverage for the Greshams. Although Browning assured the Greshams following the accident that their tractor-trailer was covered, the Greshams ultimately discovered that they, in fact, had no coverage under Land Company's group policy.
The Greshams sued Land Company and Browning, alleging that Browning had agreed to obtain collision insurance for them and that he had failed to do so, that Browning had intentionally misrepresented to them that they had collision coverage and suppressed the fact that they did not, and that they had relied on Browning's misrepresentation and silence to their detriment by not obtaining insurance elsewhere. The breach of contract and fraud claims against Land Company were based on allegations that Browning had dealt with the Greshams as an agent of Land Company. The Greshams sought to recover both compensatory and punitive damages. The case was tried to a jury, which returned a verdict in favor of the Greshams for $25,000 in compensatory damages and $75,000 in punitive damages.
 I.
The dispositive issues with respect to Land Company are 1) whether Land Company was entitled to a new trial on the ground that the trial court erred in refusing to admit into evidence the "commission agent agreement" between Daisy and Land Company and 2) whether Land Company was entitled to a judgment as a matter of law on the fraud claims.
As previously noted, the Greshams' claims against Land 
Company were based on allegations that an agency relationship existed between Land Company and Browning. At trial, Land 
Company adamantly disputed the existence of such a relationship and intended to rely heavily on the "commission agent agreement." That agreement characterized Daisy as an independent contractor and purported to limit the ability of Land Company to control the manner in which Daisy was to conduct its business as well as Daisy's authority to bind Land Company in contract. In pertinent part, it read as follows:
 "[Daisy] is now and during the existence of this agreement shall continue to be an independent contractor, and nothing contained in this agreement shall be construed to the contrary; that the authority and powers granted to [Daisy] are expressly limited by this agreement; that in the event [Daisy] deems it necessary to hire employees in fulfilling [its] duties and services under this agreement, such employees shall be subject to the full control and direction of [Daisy] at all times, and at [its] own expense. Although [Daisy] promises and agrees to comply with the rules, regulations, and instruction[s] of [Land 
Company] promulgated in the conduct of its business, [Land Company's] interest in this agreement is the accomplishment by [Daisy] of the service[s] contemplated by this agreement and not the means by which said services have been accomplished.
". . . .
 "[Daisy] shall be authorized to negotiate and enter in leases with owners of motor equipment for the lease of such motor equipment and driver[s] to [Land Company] on a single trip basis only, provided, however, the terms, compensation, and conditions of the lease shall be those prescribed by [Land Company] in its rules, regulations, policies, and instructions issued by [Land 
Company] to [Daisy]. . . . *Page 926 
 "[Daisy] may interview owner-drivers desiring to lease their equipment to [Land Company] and enter permanent employment with [Land Company] and, thereupon, submit such written employment applications and equipment leases to [Land 
Company] for approval, acceptance, and execution by [Land Company]."
However, when this agreement was offered into evidence by Land Company, the trial court sustained the Greshams' objection and refused to admit it, on the ground that the Greshams were not parties to it. The trial court's ruling was based, it seems, on a determination that the "commission agent agreement" was not relevant to the case. The Greshams argue on appeal that the agreement was not relevant because Daisy was never named as a party to this action.
It is well settled that a trial court has considerable discretion in ruling on an objection challenging the relevancy of evidence and that such a ruling will not be disturbed absent an abuse of discretion. AmSouth Bank, N.A. v. Spigener,505 So.2d 1030 (Ala. 1986). However, when an abuse of discretion is shown and "the error complained of has probably injuriously affected [the] substantial rights of the [objecting party]," this Court must reverse the judgment. Rule 45, A.R.App.P.
Evidence is relevant if there is any logical relationship between it and the ultimate inference for which it is offered. See C. Gamble, McElroy's Alabama Evidence,§ 21.01 (4th ed. 1991), and the cases cited therein. In the present case, Land 
Company, relying on the well-settled rule that a principal is not ordinarily liable for the torts of its independent contractor, Fuller v. Tractor Equipment Co., 545 So.2d 757
(Ala. 1989); Butler v. Aetna Finance Co., 587 So.2d 308 (Ala. 1991); sought to avoid liability for Browning's conduct by attempting to prove that Browning had dealt with the Greshams in the capacity of an independent contractor, not as Land 
Company's agent. For one to be an agent, the other party must retain the right to control the manner in which the business is to be conducted, whether exercised or not, and the existence of an agency relationship is a question for the jury if the evidence is in dispute. An agency relationship is not created when the employer merely retains the right to supervise or inspect the work of an independent contractor as it progresses for the purpose of determining whether it is completed according to plans and specifications and retains the right to stop work that is not properly done. Brown v. CommercialDispatch Publishing Co., 504 So.2d 245 (Ala. 1987). The "commission agent agreement," although not conclusive as to the relationship that existed between Land Company and Browning, see Brown v. Commercial Dispatch Publishing Co.; Semo Aviation,Inc. v. Southeastern Airways Corp., 360 So.2d 936 (Ala. 1978), was nonetheless relevant in that it bore directly on the issue of whether Land Company had retained the right to control the manner in which Daisy and its employees conducted its business and, thus, whether an agency relationship existed between Land Company and Browning, who, as previously noted, was an employee of, and the majority stockholder in, Daisy. See Pughv. Butler Telephone Co., 512 So.2d 1317 (Ala. 1987); AlabamaPower Co. v. Beam, 472 So.2d 619 (Ala. 1985). The "commission agent agreement" was also relevant with respect to the issue of whether Browning had the authority to bind Land Company in contract. We conclude, therefore, that by excluding the agreement the trial court seriously prejudiced Land Company by denying it the benefit of relevant evidence. Although, as the Greshams argued at trial, the "commission agent agreement" was not material to the issue of whether Browning had the apparent authority to bind Land Company in contract, see Birdv. Auto-Owners Ins. Co., 572 So.2d 394 (Ala. 1990) (the doctrine of apparent authority is based on the principal's holding the agent out to a third person as having the authority under which he acts), the other important issues in this case required that the agreement be admitted, e.g., whether Browning was in fact an agent of Land Company and, if he was, whether he had *Page 927 
the express or implied authority to bind Land Company in contract. We conclude, therefore, that the trial court abused its discretion in excluding this important piece of evidence from the jury's consideration and that Land Company's rights were probably injuriously affected as a result; accordingly, the judgment against Land Company must be reversed.
We disagree, however, with Land Company's contention that it was entitled to a judgment as a matter of law on the Greshams' fraud claims. Land Company argues that the Greshams' testimony regarding the representations that were made by Browning during the lease negotiations was erroneously admitted by the trial court over its objection that that testimony was inadmissible under the parol evidence rule. Without this testimony, Land Company insists, the Greshams could not have proven an element essential to each of their fraud claims — misrepresentation or suppression of a material fact — and, therefore, the trial court would have been required to direct a verdict in its favor or to enter a judgment in its favor notwithstanding the verdict. Land 
Company also contends that even if the Greshams' testimony was admissible, it could not be reasonably inferred from the evidence as a whole that Browning had an agency relationship with Land Company or that the Greshams justifiably relied on any representation that Browning may have made concerning the insurance coverage.
Parol evidence is admissible to show that a written agreement was procured by fraud. Ramsay Health Care, Inc. v. Follmer,560 So.2d 746 (Ala. 1990). In the present case, the Greshams alleged and sought to prove that Browning induced them to lease their tractor-trailer to Land Company by misrepresenting to them that he would submit their application for insurance to Land Company and that he would see to it that their tractor-trailer was insured under Land Company's group policy. Furthermore, the Greshams' contract claim, as we understand it, was based on allegations that Browning orally agreed to procure the insurance and that he failed to do so. Land Company argues that the Greshams' testimony regarding their conversation with Browning during the lease negotiations contradicted the written lease between the Greshams and Land 
Company, which stated that the Greshams "shall provide at all times . . . collision insurance" on their tractor-trailer. Thus, Land Company maintains, this testimony was objectionable under the parol evidence rule. See HibbettSporting Goods, Inc. v. Biernbaum, 375 So.2d 431 (Ala. 1979), for a good discussion of the parol evidence rule. The Greshams argue, however, and we agree, that their testimony did not contradict the lease. The lease simply required the Greshams to obtain collision coverage. The evidence shows that the Greshams thought that they had complied with the terms of the lease after being assured by Browning that their tractor-trailer would be listed as a covered vehicle under Land Company's group policy. Because the Greshams' testimony did not contradict the written lease, there was no violation of the parol evidence rule.
Finally, without providing a complete recitation of the evidence in this case, suffice it to say that we are satisfied from our review of the record that there was a dispute in the evidence that warranted a jury's determination as to whether Browning had an agency relationship with Land Company and as to whether the Greshams justifiably relied on Browning's representations concerning the insurance coverage.[1]
 II.
Browning contends that the evidence was insufficient to warrant submission of both of the Greshams' claims against him to a jury. In addition, he maintains that there was no evidentiary basis for the compensatory damages award and that the trial court erroneously instructed *Page 928 
the jury. The record shows, however, that Browning did not move for a judgment notwithstanding the verdict; therefore, he is precluded from challenging the sufficiency of the evidence on appeal. Great Atlantic Pacific Tea Co. v. Sealy,374 So.2d 877 (Ala. 1979). Furthermore, there was evidence to support the $25,000 compensatory damages award. The Greshams presented evidence tending to show that they had suffered a loss of $6,000 on their tractor-trailer; that they had lost income; and that Martha Gresham had suffered mental anguish as a result of her dealings with Browning. Finally, Browning did not specifically object to the trial court's instructions so as to preserve any error for review on appeal. See Rule 51, A.R.Civ.P. The judgment is, therefore, due to be affirmed as to Browning.
 III.
For the foregoing reasons, the judgment is affirmed as to Browning; however, the judgment is reversed as to Land 
Company; and the case is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON and INGRAM, JJ., concur.
[1] The sufficiency of the evidence to support the punitive damages award was not challenged on appeal; therefore, we pretermit any discussion as to whether the jury should have been allowed to consider the issue of punitive damages.