621 So.2d 258 (1993)
Brad BROADUS, d/b/a Grand Bay Construction Company
v.
ESSEX INSURANCE COMPANY, et al.
1910936.
Supreme Court of Alabama.
May 14, 1993.
*259 Andrew T. Citrin and Richard Bounds of Cunningham, Bounds, Yance, Crowder and Brown, Mobile, for appellant.
William H. Hardie and Lawrence J. Seiter of Johnstone, Adams, Bailey, Gordon & Harris, Mobile, for Essex Ins. Co.
A. Danner Frazer, Jr. of Frazer, Greene, Philpot & Upchurch, Mobile, for Ins. House.
HOUSTON, Justice.
The plaintiff, Brad Broadus, d/b/a Grand Bay Construction Company ("Broadus"), appeals from a summary judgment for the defendants, The Insurance House and Essex Insurance Company ("Essex"). We affirm.
The following material facts are undisputed: Broadus contacted his insurance agent, Jim Van Antwerp, and requested that he procure certain coverage for Broadus's company. Van Antwerp, who owns an independent retail insurance agency and does business with many insurance companies and brokers, contacted The Insurance House. The Insurance House, an independent wholesale insurance broker that assists agents, such as Van Antwerp, in finding insurance companies that provide the kind of coverage needed by the agent's customers, then contacted Essex, which agreed to provide coverage for Broadus. The sole function of The Insurance House with regard to this transaction was to act as an intermediary between Van Antwerp and Essex. The Insurance House obtained information from Van Antwerp concerning the kind of coverage that Broadus wanted and relayed it to Essex. Essex then informed Van Antwerp, through The Insurance House, that it would issue a policy to Broadus on certain terms. Van Antwerp relayed that information to Broadus, who agreed to accept the coverage. Van Antwerp collected the premium, deducted his commission from it, and forwarded the remainder to The Insurance House. The Insurance House, which had the limited authority to bind the coverage under the terms set by Essex, deducted its commission from the amount that it received from Van Antwerp and sent the balance of the *260 premium to Essex. During the term of the policy, The Insurance House continued in its role as an intermediary between Van Antwerp and Essex, passing information back and forth. The Insurance House is not an insurance company and it had no direct contact with Broadus. Van Antwerp was not employed by The Insurance House as a soliciting agent; he served, instead, as an agent for Broadus.
After Essex denied a claim filed by Broadus, based on an exclusion contained in the policy, Broadus sued Van Antwerp; Van Antwerp's agency; The Insurance House; and Essex, seeking damages for breach of contract, fraud, and bad faith refusal to pay an insurance claim. The trial court entered a summary judgment for The Insurance House and Essex and certified that judgment as final, pursuant to Rule 54(b), Ala.R.Civ.P. Broadus's claims against Van Antwerp and his agency remain pending below.
The summary judgment was proper in this case if there was no genuine issue of material fact and The Insurance House and Essex were entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. The burden was on The Insurance House and Essex to make a prima facie showing that no genuine issue of material fact existed and that they were entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to Broadus to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. In determining whether there was a genuine issue of material fact, we must view the evidence in the light most favorable to Broadus and must resolve all reasonable doubts against The Insurance House and Essex. Knight v. Alabama Power Co., 580 So.2d 576 (Ala. 1991). Because this case was not pending on June 11, 1987, the applicable standard of review is the "substantial evidence" rule. See Ala.Code 1975, § 12-21-12.
After carefully studying the record and the briefs in this case, we conclude that the summary judgment was proper. Broadus's "theory of the case" is basically this: The Insurance House, he says, exercised or reserved the right to exercise control over the manner in which Van Antwerp ran his agency, and therefore is vicariously liable under the doctrine of respondeat superior for any misrepresentations that Van Antwerp may have made to Broadus concerning the extent of coverage under the Essex policy.[1] In turn, the theory goes, Essex is liable under general agency law because, according to Broadus, The Insurance House dealt with Van Antwerp as Essex's general agent. The basic problem with this theory, as the trial court found, is that it has no evidentiary support. Whether Van Antwerp had an agency relationship with The Insurance House when he dealt with Broadus so that The Insurance House could be vicariously liable for Van Antwerp's actions depends on whether The Insurance House reserved the right to control the manner in which Van Antwerp ran his agency. Land & Associates, Inc. v. Simmons, 562 So.2d 140 (Ala.1989). The record shows that The Insurance House had no right to, and did not, control Van Antwerp. Van Antwerp acted at all times as an independent insurance agent or broker on behalf of Broadus. The Insurance House acted as an independent wholesale insurance broker, passing information upon request between Van Antwerp and Essex. As we stated in Land & Associates, Inc. v. Simmons, supra, at 144, "the right to determine if an alleged agent is conforming to the requirements of a contract does not, in itself, establish control." Van Antwerp and The Insurance House merely cooperated with each other so as to secure insurance coverage for Broadus. By passing information between Essex and Van Antwerp and performing certain administrative duties in connection with the policy on behalf of Essex, The Insurance House did not create the kind of relationship with Van Antwerp that would subject it to liability under the doctrine of respondeat superior.
*261 When an independent agent or broker, such as Van Antwerp, fails to procure insurance coverage for his principal (here Broadus), the principal may sue either for a breach of contract or in tort. See Washington National Ins. Co. v. Strickland, 491 So.2d 872 (Ala.1985). As previously noted, Broadus's claims against Van Antwerp remain pending below. However, based on the undisputed facts in the present case and because Van Antwerp and The Insurance House acted independently of each other, The Insurance House is not liable for fraud under the doctrine of respondeat superior. It follows, of course, that Essex cannot be liable under Broadus's theory of the case if The Insurance House is not liable. Therefore, we need not determine whether The Insurance House was a general agent for Essex. The judgment is due to be affirmed on the authority of Land & Associates, Inc. v. Simmons and Washington National Ins. Co. v. Strickland.
AFFIRMED.
MADDOX, ADAMS, STEAGALL and INGRAM, JJ., concur.
HORNSBY, C.J., and SHORES and KENNEDY, JJ., dissent.
KENNEDY, Justice (dissenting).
I respectfully dissent, and, in explaining my reasons for dissenting, I think it helpful to discuss the facts of this case in additional detail.
The record indicates that in November 1986, Broadus approached Van Antwerp about procuring insurance coverage for Broadus's construction business. Broadus testified that he stressed in his conversations with Van Antwerp that he wanted "complete and total coverage" for "anything that might happen." According to Broadus, Van Antwerp indicated that he would obtain this type of coverage.
Van Antwerp contacted The Insurance House about locating coverage for Broadus. The Insurance House obtained premium "quotes." These quotes were relayed to Van Antwerp, who relayed them to Broadus. Ultimately, Broadus obtained limited coverage from Essex Insurance Company.
Van Antwerp testified that he never misled Broadus as to the extent of coverage with Essex and that Broadus wanted the cheapest coverage he could get.
In January 1989, while Broadus was engaged in erecting a communications tower, a construction accident resulted in approximately $18,200 damage to the tower.
Essex denied coverage, citing a policy exclusion for damage to property in Broadus's "care, custody and control."
Broadus sued Van Antwerp, The Insurance House, and Essex, averring in pertinent part, that Van Antwerp had misrepresented the extent of coverage with Essex, as an agent of The Insurance House, rendering the Insurance House vicariously liable under the doctrine of respondeat superior. He averred further that The Insurance House's liability rendered Essex liable also, because The Insurance House was, he claimed, a general agent of Essexhe claimed The Insurance House "was Essex." In this regard, Broadus correctly states on appeal that "a general agent `stands in the shoes' of the principal." Washington National Ins. Co. v. Strickland, 491 So.2d 872, 874 (Ala.1985).
As stated by the majority, the trial court entered summary judgments in favor of Essex and the Insurance House.
A summary judgment is improper where there are genuine issues of material fact. Ala.R.Civ.P. 56; Berner v. Caldwell, 543 So.2d 686 (Ala.1989). The burden of establishing the absence of a genuine issue of material fact is on the movant. Id. If the movant makes a prima facie showing that there is no genuine issue of material fact, and that the movant is entitled to a judgment as a matter of law, then the burden shifts to the nonmovant, who must rebut this showing by "substantial evidence" creating a genuine issue of material fact. Id. In determining whether a nonmovant has produced substantial evidence, the Court must view the evidence in a light most favorable to the nonmovant, resolving all reasonable doubts in the nonmovant's favor. *262 Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986).
In my view, Broadus presented, in rebuttal to the defendants' prima facie showing, substantial evidence in support of his claim that Van Antwerp was an agent of The Insurance House and substantial evidence that The Insurance House was a general agent of Essex.
As to whether Van Antwerp was an agent of The Insurance House, I note that "[t]he test to be applied in determining the existence of an agency relationship under the doctrine of respondeat superior is whether the alleged principal reserved a right of control over the manner of the alleged agent's performance," Carlton v. Alabama Dairy Queen, Inc., 529 So.2d 921, 923 (Ala.1988), whether that right is "exercised or not." Joseph Land & Co. v. Gresham, 603 So.2d 923 (Ala.1992).
Broadus argues that he presented substantial evidence that Van Antwerp was a soliciting agent of The Insurance House. A "soliciting agent" is an agent with limited authority to act for the principal. Land & Associates, Inc. v. Simmons, 562 So.2d 140, 144 (Ala.1989). This Court has stated that "[s]ince a soliciting agent is regarded as the `servant' of the insurer `master,' the insurer has the full right of control over the agent's actions." Id., quoting Strickland, 491 So.2d at 875.
In this regard, the record indicates that The Insurance House frequently directed Van Antwerp in his activities relating to Broadus. For example, Carol Freeman, of The Insurance House, instructed Van Antwerp to provide her with Broadus's correct payroll, to perform a loss history on Broadus, to supply her with financial audit information, and to verify the figures on payroll information already submitted. She also directed him to do the following: "Please have the enclosed application completed and signed by the insured on or before March 15, 1989. Please be sure to indicate a complete description of operations, including maximum heights." In another communication she wrote: "Please rush renewal applications to megive me a list of the jobs done this past year, including a description of the job, plus contract costs. Please get [it] to me ASAP...." Also, in a memo marked "IMPORTANT," The Insurance House wrote to Van Antwerp: "It is essential that the enclosed endorsement be signed by the insured no later that 6/87 to avoid cancellation of the policy."
Viewing the evidence most favorably to Broadus, one could reasonably infer that The Insurance House retained a right of control over the manner of Van Antwerp's performance. It is notable in this regard that the record indicates a pattern by Van Antwerp of acting only after receiving specific instructions or approval from The Insurance House.
In my view, one might also reasonably infer that The Insurance House was a general agent of Essex.
"A `general agent' is one who has authority to transact all of the business of the principal, of a particular kind, or in a particular case. [Citation omitted.] The powers of such an agent are coextensive with the business entrusted to his care, authorizing him to act for the principal in all matters coming within the usual and ordinary scope and character of such business.... Since a general agent's powers are coextensive with the business entrusted to him, his fraudulent act is the fraudulent act of his insurer principal as well."
Strickland, 491 So.2d at 874.
Van Antwerp testified that he had no direct dealings with Essex, but worked through The Insurance House. The evidence indicates that Essex empowered The Insurance House to prepare and to issue the Broadus policy. The evidence also indicates that The Insurance House, in Essex's stead, sought remittance for the coverage and also conducted all communications with Van Antwerp relating to the Essex policy. Van Antwerp testified that he never spoke with anyone from Essex.
The Court stated in American States Ins. Co. v. C.F. Halstead Developers, Inc., 588 So.2d 870, 872-73 (Ala.1991), "An agent, by definition, is a `person authorized by another [principal] to act for or in place *263 of him.'" (Quoting Black's Law Dictionary 63 (6th ed. 1990)). It appears from the record that Essex so empowered The Insurance House in this case. The evidence certainly permits one to reasonably infer that The Insurance House had the "authority to transact all of the business of [Essex], of a particular kind." Strickland, 491 So.2d at 874. Such authority is the authority of a general agent.
Also, I note Van Antwerp's testimony that the Insurance House was a "general agent" and documentation listing The Insurance House as the "general agent" of Essex. Although this evidence would properly be ruled inadmissible, no objection to its consideration in opposition to the summary judgment motion was raised in the trial court. Thus, any objection to the Court's consideration of it is waived. McMillian v. Wallis, 567 So.2d 1199, 1205 (Ala.1990).
"The existence and scope of a principal-agent relationship [are] normally [questions] of fact to be determined by the jury." Continental Elec. Co. v. American Employers' Ins. Co., 518 So.2d 83, 87 (Ala. 1987). In my view, this case presents such questions.
SHORES, J., concurs.
NOTES
[1] Broadus does not argue that the summary judgment was improper with respect to his breach of contract and bad faith claims. Therefore, our review is limited to the only issue presented on appealwhether the summary judgment was proper as to the fraud claim.