YATES, Judge.
On August 30, 1989, Thomas F. Moebes, Jr., purchased a 1989 Buick Riviera automobile from Tony Moore Buick-GMC Trucks, Inc. (“the dealership”). The dealership, through a sister corporation in Georgia, had purchased the automobile at a General Motors-sponsored auction. Information received by the dealership indicated that the automobile was a “company car” and that it had not been damaged. Moebes alleges that, during negotiations, the dealership’s agent told him the Riviera was an “executive car” and that it had not been damaged.
The automobile experienced recurring mechanical problems, and Moebes had it examined. The examination revealed that the Riviera could have been wrecked or damaged and repaired before sale. Moebes alleges that he attempted to discuss the matter with the dealership’s agents but was unsuccessful. After the automobile had continued to suffer problems and his alleged attempts to persuade the dealership to rectify the situation had failed, Moebes sued the dealership, alleging that it had intentionally and/or recklessly misrepresented to him that the Riviera had not been wrecked, damaged, or repaired before sale. He later amended his complaint to include another claim of misrepresentation when discovery revealed that the Riviera had been a “company car” rather than an “executive car.” The classification relates to who would have driven the Riviera and the manner in which it would have been used.
The ease proceeded to a jury trial; the jury returned a verdict in Moebes’s favor, awarding him $4,500 in compensatory damages and $25,500 in punitive damages. Moebes moved for a new trial; the court denied this motion. Moebes appeals the court’s entry of judgment on the jury’s verdict. Of the several issues Moebes raises, we need only address one: whether the court committed reversible error in refusing to admit evidence of similar acts of misrepresentation committed by the dealership.
Evidence of similar fraudulent acts is admissible to show fraudulent intent, plan, or scheme, so long as the acts sought to be proven meet the requirements of similarity in nature and proximity in time. Shoals Ford, Inc. v. McKinney, 605 So.2d 1197, 1200 (Ala.1992); see Rules 401, 403, and 404(b), Ala. R. Evid.; C. Gamble, McElroy’s Alabama Evidence, §§ 70.03(1), (2), (4), and (5) (5th ed.).
Moebes attempted to offer the testimony of seven witnesses, each of whom allegedly had relied upon a misrepresentation when purchasing an automobile from the dealership. The court, in response to the dealership’s motion, refused to allow the witnesses to testify. Moebes made an offer of proof, stating that each witness would have testified that the dealership, despite contrary information in its files at the time of sale, had stated: (1) that the automobile in question had not been wrecked, damaged, or repaired before sale; and/or (2) that the automobile in question was an “executive car.” The evidence, although different from Moebes’s allegations in one respect, was similar in another and, therefore, properly admissible for a limited purpose.
Portions of the precluded testimony included instances where the dealership, even though it had contrary information, had assured the purchasers that the automobiles in question had not been wrecked, damaged, or repaired. Because the dealership’s file at the time of Moebes’s purchase did not reveal that the Riviera had been wrecked, damaged, or repaired, the dealership did not misrepresent information relating to prior damage. The portions of precluded testimony relating to prior damage or repair, therefore, were dissimilar, and the court properly excluded them.
Portions of the precluded testimony also concerned the classification of the automobiles sold. The witnesses would have testified that they had purchased automobiles *477 that the dealership had classified as “executive cars” when, in fact, the dealership’s files showed that the automobiles were not “executive cars.” The witnesses also would have testified that the classification was an important factor causing them to purchase the automobiles. Because the dealership allegedly classified the Riviera as an “executive car,” even though the file stated that it was a “company car,” the precluded testimony was substantially similar and properly admissible. The court should have admitted the testimony for the limited purpose of showing that on other occasions the dealership had misrepresented the classification of an automobile to a purchaser.
We note that these similar acts occurred within approximately the nine-month period following Moebes’s purchase of the Riviera. The acts, therefore, occurred within a reasonable proximity of time. Shoals Ford, Inc., supra.
The judgment is reversed and the case is remanded to the trial court for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROBERTSON, P.J., and CRAWLEY, J., concur.