709 So.2d 477 (1997)
Ex parte Thomas F. MOEBES, Jr.
(In re Thomas F. MOEBES, Jr. v. TONY MOORE BUICK-GMC TRUCKS, INC.).
1960506.
Supreme Court of Alabama.
November 14, 1997.
*478 Phil D. Mitchell and Bingham D. Edwards of Edwards, Mitchell & Reeves, Decatur, for petitioner.
Jerry Knight, Decatur, for respondent.
HOOPER, Chief Justice.
Thomas F. Moebes, Jr., sued Tony Moore Buick-GMC Trucks, Inc. ("Tony Moore"), stating three counts of fraud in connection with his purchase of a 1989 Buick Riviera "program vehicle" from the Moore dealership. Moebes alleged that during the negotiation of the sale, an agent of the Moore dealership represented to him that the car had not been wrecked, damaged, or repaired, and that the car had been driven by an executive of General Motors. Moebes further alleged that the false representations were the basis of the bargain and that the Moore dealership had acted willfully and recklessly when making these representations.
A jury returned a verdict in favor of Moebes, awarding him $4,500 in compensatory damages and $24,500 in punitive damages. Moebes made a motion for a new trial, which the trial court denied. Moebes then appealed to the Court of Civil Appeals. That court considered only one of the issues Moebes raised on the appeal: Whether the trial judge committed reversible error by not allowing Moebes to present the testimony of seven witnesses who claimed to have been similarly defrauded. The Court of Civil Appeals reversed the judgment and ordered a new trial. Moebes v. Tony Moore Buick-GMC Trucks, Inc., 709 So.2d 475 (Ala.Civ. App.1996). The Court of Civil Appeals stated that the trial court should have allowed the testimony of three of the witnesses for the limited purpose of showing that on other occasions the dealership had misrepresented the classification of a "company car" as an "executive car." This Court granted the writ of certiorari for the purpose of determining whether it was proper for the Court of Civil Appeals to review this case. In light of this Court's holding in Ex parte Weyerhaeuser Co., 702 So.2d 1227 (Ala.1996), we reverse.
In Weyerhaeuser the plaintiff had raised two procedural issues before the Court of Civil Appeals: (1) Whether the trial court erred when it denied her challenges for cause as to three prospective jurors; and (2) Whether the trial court erred when it failed to set aside the jury's punitive damages verdict and denied her a new trial. See Sewell v. Webb, 702 So.2d 1222 (Ala.Civ.App.1995) (reviewed sub nom. Ex parte Weyerhaeuser Co.). The Court of Civil Appeals held that the trial court had abused its discretion by not granting the plaintiff's motion to strike the three jurors for cause. 702 So.2d at 1223. This Court reversed the judgment of the Court of Civil Appeals, stating, "Alabama case law is clear that a party who prevailed in the trial court can appeal only on the issue of adequacy of damages awarded." Ex parte Weyerhaeuser Co., 702 So.2d at 1228; citing DeBardeleben v. Tynes, 290 Ala. 263, 276 So.2d 126 (1973); Beatty v. McMillan, 226 Ala. 405, 147 So. 180 (1933); Nichols v. Perryman, 615 So.2d 636 (Ala.Civ.App.1992); Cleveland v. Gilbert, 473 So.2d 1075 (Ala.Civ. App.1985). On appeal to the Court of Civil Appeals, Moebes complained of the exclusion of certain witnesses' testimony. Under Alabama case law, that issue was an improper one for appeal.
As we said in Weyerhaeuser, any review of a punitive damages award should address a question of alleged excessiveness of the award, not a question of its adequacy. This holding is rooted in the nature of the punitive damages award. Compensatory damages are designed to make the plaintiff whole by reimbursing him or her for the loss or harm suffered. Torsch v. McLeod, 665 So.2d 934, 940 (Ala.1995). In contrast, punitive damages serve "`not to compensate the plaintiff but to punish the wrongdoer and to deter the wrongdoer and others from committing similar wrongs in the future.'" Ex parte Weyerhaeuser, 702 So.2d at 1229, quoting Green Oil Co. v. Hornsby, 539 So.2d 218, 222 (Ala.1989). See also Life Insurance Co. of Georgia v. Johnson, 684 So.2d 685 (Ala. 1996), rev'd on other grounds ___ U.S. ___, 117 S.Ct. 288, 136 L.Ed.2d 207, on remand, *479 701 So.2d 524 (Ala.1997); Adams v. Robertson, 676 So.2d 1265, 1291 (Ala.1995); Meighan v. Birmingham Terminal Co., 165 Ala. 591, 51 So. 775 (1910); Comer v. Age-Herald Publishing Co., 151 Ala. 613, 44 So. 673 (1907). The jury is in the best position to decide the amount of damages that will accomplish this purpose; therefore, we leave this decision to the jury's discretion. Wal-Mart Stores v. Jones, 533 So.2d 551, 552 (Ala.1988); Dependable Ins. Co. v. Kirkpatrick, 514 So.2d 804, 807 (Ala.1987); Roberson v. Ammons, 477 So.2d 957, 961 (Ala.1985); Randell v. Banzhoff, 375 So.2d 445, 448 (Ala. 1979), cert. denied, 444 U.S. 1081, 100 S.Ct. 1034, 62 L.Ed.2d 765 (1980). The trial judge, in his discretion, determines the relevancy of a witness's testimony. Sweeney v. Purvis, 665 So.2d 926, 930 (Ala.1995); City of Birmingham v. Moore, 631 So.2d 972, 974 (1994); Crest Constr. Corp. v. Shelby County Bd. of Educ., 612 So.2d 425, 431 (Ala.1992); Joseph Land & Co. v. Gresham, 603 So.2d 923, 926 (Ala.1992). Moebes alleges that the witnesses' testimony would have established a pattern and practice of fraud on the defendant's part. However, pattern and practice evidence is for one purpose only  determining the amount of punitive damages. Ala. Code 1975, § 6-11-21. An appellate court may review an appeal by a winning party only as to the adequacy of the compensatory damages awarded.
Because there is no right to challenge on appeal an alleged inadequacy of punitive damages, the Court of Civil Appeals should not have heard this matter at all. Its judgment is reversed, and the case is remanded with instructions to reinstate the judgment of the trial court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MADDOX, SHORES, HOUSTON, and SEE, JJ., concur.
KENNEDY, COOK, and BUTTS, JJ., dissent.
KENNEDY, Justice (dissenting).
I dissent, not based on the adequacy of the damages awarded by the trier of fact, but based on the majority's reversal of the Court of Civil Appeals' decision to consider Moebes's allegations of error on the part of the trial court. The majority bases its ruling on the proposition that "a party who prevailed in the trial court can appeal only on the issue of adequacy of the damages awarded." 709 So.2d at 478.
However, I believe that when the trial court's alleged errors are properly preserved, the prevailing party should not be prevented from seeking appellate review of those alleged errors. To summarily refuse to consider a party's allegations of error, simply because that party prevailed at trial, is patently unfair and disregards the notion that this Court should seek the uniform application of the laws of this state.
BUTTS, J., concurs.