Alcazar Shrine Temple, a named defendant in a declaratory-judgment action filed by the Montgomery County Sheriff's Department and the Montgomery County Commission, appeals from the judgment of the Montgomery Circuit Court holding that permits for the operation of bingo games were validly issued pursuant to the Commission's "Rules and Regulations." We dismiss the appeal. *Page 1094 
 I. Facts
In July 2001, the Montgomery County Sheriff received a letter from the holder of a permit to conduct charitable bingo games in Montgomery County complaining that several other holders of permits for charitable bingo games in Montgomery County were not operating in accordance with the applicable laws and regulations pertaining to charitable bingo games in Montgomery County. In response, the Montgomery County Sheriff's Department and the Montgomery County Commission filed an action in the Montgomery Circuit Court seeking a judgment declaring what law or combination of laws govern the operation of bingo games in Montgomery County and whether the rules and regulations followed by the Sheriff's Department in regulating bingo games in Montgomery County complied with the applicable state laws relating to bingo games in Montgomery County. The complaint named as defendants all of the holders of permits for charitable bingo games in Montgomery County, including the appellant, Alcazar Shrine Temple ("Alcazar"). Additionally, the complaint requested that the trial court "determine who is qualified to operate bingo parlors in Montgomery County and determine if there are entities that are operating illegally in Montgomery County according to the laws of the State of Alabama."
The parties submitted briefs and supporting evidence to the trial court on the issue of what law or combination of laws governs bingo gaming in Montgomery County. The trial court entered the following order:
 "The Court thereby orders, adjudges and decrees that (a) Amendment 413 and Act No. 82-575 were properly enacted into law, (b) the Montgomery County Bingo Rules and Regulations as promulgated by the Montgomery County Commission and relied upon and distributed by the Montgomery County Sheriff since 1983 are valid and enforceable, (c) bingo permits were validly issued pursuant to these Rules and Regulations, and (d) neither the Montgomery County Commission nor the Montgomery County Sheriff has violated any of the constitutional or statutory provisions governing bingo in Montgomery County."
Alcazar filed a motion to alter, amend, or vacate the order of the trial court. In its motion, Alcazar argued that the trial court erred in its judgment that bingo permits were validly issued in Montgomery County and that the trial court failed to determine "who is qualified to operate bingo parlors in Montgomery County" and failed to determine "if there are entities that are operating illegally in Montgomery County according to the laws of the State of Alabama," as the Sheriff's Department and the Commission had requested in the declaratory-judgment complaint. The trial court denied Alcazar's motion, and Alcazar appeals. We dismiss the appeal.
 II. Analysis
Only a party prejudiced or aggrieved by a judgment can appeal. Robinov. Kilgore, 838 So.2d 366, 369 (Ala. 2002); Sho-Me Motor Lodges, Inc. v.Jehle-Slauson Constr. Co., 466 So.2d 83, 88 (Ala. 1985); Hunt v. Houtz,62 Ala. 36 (1878). "A party cannot claim error where no adverse ruling is made against him." Holloway v. Robertson, 500 So.2d 1056, 1059 (Ala. 1986). Generally, a prevailing party does not have standing to appeal, except as to the adequacy of damages. Ex parte Moebes, 709 So.2d 477, 479
(Ala. 1997). "[W]hen an error applies only to a party who does not appeal therefrom, another party cannot make any such error an issue on appeal."Sho-Me Motor Lodges, 466 So.2d at 88. Furthermore, "an appeal from a declaratory judgment will be *Page 1095 
dismissed where there is nothing in it prejudicial to the claimed rights of the appellant." 16 Am. Jur. Declaratory Judgments § 76 (1938) (footnote omitted).
In the present case, the trial court's judgment did not adversely affect the status of Alcazar's permit to conduct bingo games; in fact, the trial court found that Alcazar's permit was "validly issued pursuant to [the Commission's] Rules and Regulations." However, Alcazar claims that the trial court erred in failing to investigate each permit and to determine which permittees are not in compliance with the applicable bingo laws, as it had been requested to do in the declaratory-judgment complaint. Alcazar now seeks a determination of error in the trial court's failure to grant all of the relief requested because, as noted in its motion to alter, amend, or vacate, Alcazar has a "good faith belief" that many of its competitors "are not in compliance with existing laws, rules or regulations." However, Alcazar's commercial interest in having the bingo permits of its codefendants revoked does not confer standing upon Alcazar to appeal a judgment not adverse to Alcazar itself.
Appeals are "not allowed for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting the appellant." 4 Am. Jur.2dAppeal and Error § 182 (1962) (footnote omitted). Alcazar is not aggrieved by the judgment of the trial court. Accordingly, Alcazar's appeal is hereby dismissed.
APPEAL DISMISSED.
MOORE, C.J., and LYONS, JOHNSTONE, and WOODALL, JJ., concur.