Rel: June 12, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

———————————————

### SC-2025-0394
———————————————

### Cindy Fountaine

v.

### Hospice of Marshall County Foundation, Inc., d/b/a Shepherd's Cove, Karen Denton, and Stacy Higdon

### Appeal from DeKalb Circuit Court
### (CV-20-900196)

McCOOL, Justice.

Cindy Fountaine, who is acting pro se, attempts to appeal the DeKalb Circuit Court's summary judgment in favor of Hospice of Marshall County Foundation, Inc., d/b/a Shepherd's Cove, ("the Foundation") and two of its employees -- Karen Denton and Stacy Higdon (the Foundation and its employees are referred to collectively as "the hospice defendants"). However, that judgment was entered before Cindy became a party to this action, and, thus, the judgment was not against her. Because the judgment was not against Cindy, she cannot appeal the judgment. Accordingly, we dismiss the appeal.

<u>Facts and Procedural History</u>

Max Fountaine was married to Kelley Fountaine at the time of his death on January 29, 2019. According to the findings of the circuit court, Kelley's deposition testimony "could lead a reasonable person to the conclusion that Max and Kelley's marriage was rocky." Cindy and Angela Fountaine are adult children of Max. Kelley is not the biological mother of Angela or Cindy. Max and Kelley shared one biological child, Ben Fountaine.

On January 22, 2019, Max was admitted to Shepherd's Cove, a hospice facility that provides care to terminally ill patients. On January

25, 2019, while Max was in the hospice defendants' care, Kelley obtained a durable power of attorney from Max that named her as his agent. Max died on January 29, 2019. One day before Max died, Kelley used the power of attorney to transfer real property and other assets from Max to herself.

On August 4, 2020, Angela, in her capacity as the administrator of Max's estate, sued Kelley. The complaint contained eight counts -- two counts alleging breach of fiduciary duty, one count seeking to "set-aside the warranty deed," one count seeking a declaratory judgment, one count alleging "negligent and fraudulent power of attorney," one count alleging fraud, one count alleging conversion, and one count alleging unjust enrichment. On January 23, 2021, Angela, as the administrator of Max's estate, amended the complaint to add the hospice defendants and to add two claims involving those defendants -- one alleging negligent hiring, training, retention, and supervision and one alleging conspiracy.

On October 17, 2022, the hospice defendants moved for a summary judgment. On February 13, 2023, the circuit court entered a summary judgment in favor of the hospice defendants and against Angela, as the administrator of Max's estate, who was the only plaintiff at the time.

On March 7, 2023, Angela, as the administrator of Max's estate, moved to join herself, individually, Cindy, and Ben as necessary parties under Rule 19(a), Ala. R. Civ. P. On March 27, 2023, the circuit court granted that motion, and Angela, Cindy, and Ben were added as plaintiffs.

The day after she was added, Cindy filed a pro se motion asking the circuit court to reconsider the summary judgment in favor of the hospice defendants. On July 17, 2023, the circuit court denied Cindy's motion and stated that

> "nothing in the Summary Judgment Order or this Order disposes of any claims that may exist as a result of the disputed facts by and between Cindy Fountaine, Ben Fountaine, and Angela Fountaine and the Defendants. These parties were not added before the Summary Judgment Order, they are necessary and indispensable, and there was no jurisdiction to dispose of their claims at that time. The recently added parties will need to file the appropriate pleadings, effectuate service upon any defendants they deem appropriate, and proceed with those claims."

(Capitalization in the original.)

On July 25, 2023, Cindy and Angela filed a motion asking the circuit court to clarify the disposition of the claims. The circuit court denied the motion and stated that "[t]he Orders speak for themselves."

4

On September 15, 2023, Cindy filed a pro se motion to compel the Foundation and Kelley to respond to discovery requests. The circuit court granted the motion in part. The Foundation then moved to set aside the order on the motion to compel to the extent that the order applied to it. The circuit court granted the Foundation's motion and stated: "Pursuant to the Summary Judgment Order, Hospice of Marshall County Foundation d/b/a Shepherd's Cove was dismissed from this case and it has not been served with any new pleadings or allegations as required." Cindy then moved to amend that order. The circuit court denied Cindy's motion and stated: "If the parties wish to file causes of action against the Defendant(s) that were previously dismissed, then they will need to file the appropriate pleadings and serve them in accordance with the Alabama Rules of Civil Procedure."

On March 19, 2024, Cindy filed a pro se "motion to compel [the Foundation] to comply with subpoena." The Foundation objected to that motion and moved for attorney's fees under the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala. Code 1975.

On January 7, 2025, Angela moved for a summary judgment against Kelley. On March 25, 2025, the circuit court entered a summary

judgment in favor of the plaintiffs and against Kelley. First, that summary-judgment order made clear that the claims that remained pending were against Kelley and that the claims against the hospice defendants had been disposed of by summary judgment. Further, the circuit court adjudged, as follows:

"1. That Plaintiff Angela Fountaine's Motion for Summary Judgment is GRANTED.

"2. That the Warranty Deed with Right of Survivorship recorded in the DeKalb County Probate Office at Deed Book 1796, Page 480, dated January 28, 2019, by and between Max Fountaine and Kelley Fountaine, Grantees, unto Max Fountaine and Kelley Fountaine, for and during their natural lives and upon the death of either of them, then to the survivor of them in fee simple is VOID and is hereby SET ASIDE.

"3. That the Certificate of Title to the Ford Fusion and Chevrolet Van executed by Kelley Fountaine in her role as agent for Max Fountaine is SET ASIDE.

"4. That a judgment is hereby issued in favor of the Plaintiff against the Defendant, Kelley Fountaine, in the amount of TWO THOUSAND FIVE HUNDRED THIRTY-TWO DOLLARS AND NINETY-TWO CENTS ($2,532.92), which represents the amount of money taken out of Max Fountain's financial account the day before his death.

"5. That the pending Motion to Compel filed by Cindy Fountaine is MOOT.

"6. That all other relief requested by either party not specifically granted herein is DENIED.

6

"7. That the cost of this action is taxed to the party th[at] prepaid the same.

"8. That this is a final order in this case."

(Capitalization in the original.)

On April 18, 2025, Cindy filed a "motion to amend or clarify summary judgment order pursuant to Rule 59(e)[, Ala. R. Civ. P.]." Cindy alleged that the March 25, 2025, "order does not expressly address whether all claims have been resolved against all parties," and she sought clarification. On April 20, 2025, the circuit court issued an order stating: "MOTION TO CLARIFY the Summary Judgment Order filed by CINDY FOUNTAINE is hereby MOOT because the questions raised were addressed in paragraphs 6-8 of the Summary Judgment Order." (Capitalization in the original.)

Cindy alone appealed to this Court, and she named as appellees only the hospice defendants. No other parties or claims are the subject of this appeal.

## Discussion

On appeal, Cindy raises two claims in her pro se brief. Cindy alleges (1) that "the trial court erred in dismissing the hospice defendants

7

without addressing the breach of contract claim"[1] and (2) that "the trial court erred in dismissing the estate's tort claims [against the hospice defendants], which survive under Alabama law." Cindy's brief at 18, 20. Both of those claims attack the summary judgment entered in favor of the hospice defendants and against Angela, as the administrator of Max's estate. However, Cindy was not a plaintiff when that judgment was entered for the hospice defendants, and a party cannot appeal a judgment that is not against him or her.

This Court has stated:

> "Only a party prejudiced or aggrieved by a judgment can appeal. Robino v. Kilgore, 838 So. 2d 366, 369 (Ala. 2002); Sho-Me Motor Lodges, Inc. v. Jehle-Slauson Constr. Co., 466 So. 2d 83, 88 (Ala. 1985); Hunt v. Houtz, 62 Ala. 36 (1878). 'A party cannot claim error where no adverse ruling is made against him.' Holloway v. Robertson, 500 So. 2d 1056, 1059 (Ala. 1986). Generally, a prevailing party does not have standing to appeal, except as to the adequacy of damages. Ex parte Moebes, 709 So. 2d 477, 479 (Ala. 1997). '[W]hen an error applies only to a party who does not appeal therefrom, another party cannot make any such error an issue on appeal.' Sho-Me Motor Lodges, 466 So. 2d at 88."

---

[1]This allegation is factually incorrect. Assuming that a breach-of-contract claim was even alleged in the complaint, the circuit court made clear that it had entered a summary judgment in favor of the hospice defendants on all the claims against them.

_Alcazar Shrine Temple v. Montgomery Cnty. Sheriff's Dep't_, 868 So. 2d 1093, 1094 (Ala. 2003).

In the present case, the summary judgment in favor of the hospice defendants was not entered against Cindy. Cindy was not even a party when that judgment was entered. That judgment applied only to Angela, as the administrator of Max's estate, who chose not to appeal. Further, Cindy was not prejudiced by the judgment. The circuit court made it abundantly clear that "nothing in the Summary Judgment Order … disposes of any claims that may exist as a result of the disputed facts by and between Cindy Fountaine … and the [hospice] [d]efendants" and that Cindy was free to "file the appropriate pleadings, effectuate service upon any defendants [she] deem[ed] appropriate, and proceed with those claims." (Capitalization in the original.) Thus, Cindy was not precluded from pursuing any claims that she had against the hospice defendants. Because Cindy chose not to take advantage of that opportunity and pursue claims against the hospice defendants, she cannot now claim prejudice, and only a party prejudiced or aggrieved by a judgment can appeal.

## Conclusion

9

Because Cindy cannot appeal the summary judgment in favor of the hospice defendants, the appeal is dismissed.

APPEAL DISMISSED.

Stewart, C.J., and Shaw, Bryan, and Mendheim, JJ., concur.